# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 0:22-CV-61842-AHS

DONALD J. TRUMP,

     Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

     Defendant.

_____/

## <u>DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW</u>

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ *George S. LeMieux, Esq.*
    George S. LeMieux, Esq.
    Florida Bar No. 16403
    Email:  glemieux@gunster.com
    Eric C. Edison, Esq.
    Florida Bar No. 010379
    Email:  eedison@gunster.com

**BRYAN CAVE LEIGHTON PAISNER LLP**
Eric P. Schroeder, Esq. (*admitted pro hac vice*)
Ga. Bar No. 629880
Email:  eric.schroeder@bclplaw.com
Brian M. Underwood, Jr. Esq. (*admitted pro hac vice*)
Ga. Bar No. 804091
Email:  brian.underwood@bclplaw.com
1201 W. Peachtree St. NW
Atlanta, Georgia 30309
Telephone:  404-572-6600

*Counsel for Defendant Cable News Network, Inc.*

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Cable News Network, Inc. ("CNN") moves to dismiss Plaintiff Donald J. Trump's ("Plaintiff") Complaint [D.E. 1] for failure to state a claim.

## I.     Introduction.

Our nation has long held a "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times v. Sullivan*, 376 U.S. 254, 270 (1964). This Complaint, where Plaintiff alleges that CNN's coverage of him is unfair, seeks to upend this basic precept of First Amendment law and cannot support a defamation claim.

The Complaint seeks to silence any criticism of Plaintiff's debunked claim that the 2020 presidential election was "stolen." The lawsuit, though, does not even try to prove this claim is true, for the simple reason that evidence of material election fraud does not exist. Instead, relying solely on five CNN opinion pieces, the Complaint asserts (1) CNN's use of "Big Lie" to describe Plaintiff's claims of election fraud conveys he has the same "character" as Adolf Hitler; and (2) this description is unfair because CNN only applies the term to Plaintiff out of hostile political bias. [D.E. 1 at ¶¶ 28-35, 41, 61.] These claims are untenable and repugnant to a free press and open political debate.

Long-settled principles protecting opinion and speech related to issues of public concern require prompt dismissal under Florida law and the First Amendment. The supposed "falsity" (that "Big Lie" allegedly conveys that Plaintiff would be "Hitler-like" in any future political role and associates the Plaintiff's character with that of Adolf Hitler) is unverifiable political expression. The "Big Lie," a phrase widely used by not just CNN but many journalists and commentators to refer to Plaintiff's unfounded claims of election fraud, and any alleged association resulting therefrom are also "rhetorical hyperbole" and "pure opinion" under well-established principles of defamation law. As a further fatal defect, the Complaint does not plausibly allege—much less allege with the ultimate

1

burden of clear and convincing evidence—that CNN acted with the constitutionally-required "actual malice." Actual malice is an extremely high evidentiary burden for any plaintiff to meet, much less the former President of the United States of America, and he has utterly failed to meet that burden here. As this Court recently recognized in *Dershowitz v. Cable News Network, Inc.*, the heavy emphasis on CNN's supposed bias is irrelevant as "[a]llegations of 'leftist enmity'" do not override the protections of the First Amendment. 541 F. Supp. 3d 1354, 1370 (S.D. Fla. 2021) (Singhal, J.).

## II.    A Summary: the Complaint Warrants Dismissal With Prejudice.

### A.  Portions of Only Five CNN Publications Are at Issue.

As the Complaint admits, the only statements at issue are the selected passages from the five CNN publications ("Publications") identified in Paragraph 28. [*Compare* D.E. 1 at ¶¶ 10, 28 *with* Ex. A.] As a matter of Florida law and federal procedure, Plaintiff must set forth both the details of each allegedly defamatory statement and provide notice identifying those defamatory statements before filing suit. *See* Fla. Stat. § 770.01 (failure to provide notice is a jurisdictional defect); *Bezeau v. Cable Equip. Servs., Inc.*, 2015 WL 3540009, at *4 (S.D. Fla. May 27, 2015) (defamation claim must set "out the substance of *each* allegedly defamatory statement on which it is proceeding; the date, place, and manner of publication; to whom each statement was made; and facts showing the damages flowing from each statement" (emphasis added)).[1]

---

[1] As such, Plaintiff's claim of being defamed "7,700 times" [*id.* at ¶ 27] cannot state a claim. Further, while the Complaint cites a number of other CNN publications, these publications are not at issue as they were not properly noticed under Fla. Stat. § 770.01. The Complaint also does not identify any allegedly defamatory statements in those other publications and/or they are outside the statute of limitations. [D.E. 1 at ¶¶ 12 n.7-11; 16 n.13-14; 17 n.15; 18 n.16; 19 n.20-22; 21 n.24; 24 n.27; 31-34, n.37-38]. *E.g.*, *Rendon v. Bloomberg, L.P.*, 403 F. Supp. 3d 1269, 1273 (S.D. Fla. 2019) (dismissal because notice letter omitted the statements); *see also* Fla. Stat. § 95.11(4) (two-year limitations period for libel or slander).

### B.  The Statements in The Five CNN Publications Are Not Actionable.

The crux of the Complaint is "CNN's persistent association of the Plaintiff to Adolf Hitler and Nazism" through use of the term "Big Lie." [D.E. 1 at ¶ 15.] This linchpin argument, however, does not state a claim as a matter of law, as: (1) the Publications do not communicate nor do they plausibly convey, as fact, that Plaintiff has the character of Hitler; (2) even if they did, any asserted "association" with Hitler is unverifiable and nonactionable; and (3) the Complaint does not come close to plausibly alleging CNN intentionally made said association with "actual malice," *i.e.*, that CNN subjectively knew the association was false or acted with reckless disregard as to its falsity. While the invalidity of this argument infects and dooms the Complaint as a whole, the following "roadmap" shows why each Publication is not actionable:

### Publication "A"

A January 25, 2021, op-ed piece by CNN contributor Prof. Ruth Ben-Ghiat titled "*Trump's big lie wouldn't have worked without his thousands of little lies*," which states:

**"We won this election and we won it by a landslide," said Donald Trump at his "Save America" rally on January 6, which incited the assault on the Capitol. This is Trump's "Big Lie," a brazen falsehood with momentous consequences.**

Publication A is nonactionable because:

(i)     the Complaint does not identify a verifiable false statement of fact;

(ii)    "Big Lie" is rhetorical hyperbole and does not refer to Hitler or Nazism;

(iii)   it is "pure opinion" supported by disclosed and unchallenged facts; and

(iv)    there is no plausible actual malice because no alleged fact suggests Prof. Ben-Ghiat used "Big Lie" with any subjective belief that it was false.

### Publication "B"

A July 5, 2021, editorial by CNN Editor-at-Large Chris Cillizza titled "*Donald Trump just accidentally told the truth about his disinformation strategy*," which does not use "Big Lie," but instead quotes Plaintiff and states:

**One can only hope that Trump was unaware that his quote was a near-replication of this infamous line from Nazi Joseph Goebbels: "If you tell a lie big enough and keep repeating it, people will eventually come to believe it."**

Publication B is nonactionable because:

(i)      the term "Big Lie" is not used;

(ii)     the Complaint has not identified a verifiable false statement of fact;

(iii)    it is not defamatory; and

(iv)     it merely compares two quotes.


## Publication "C"

A September 15, 2021, editorial, again by Mr. Cillizza, titled "*Donald Trump's mental health becomes an issue again*," which states:

**Trump has a) never conceded the 2020 election to President Joe Biden and b) continued to push the Big Lie that the election was somehow stolen despite there being zero actual evidence to back up that belief.**

Publication C is nonactionable because:

(i)      the Complaint does not identify a verifiable false statement of fact;

(ii)     "Big Lie" is rhetorical hyperbole and does not refer to Hitler or Nazism;

(iii)    it is "pure opinion" supported by disclosed and unchallenged facts; and

(iv)     there is no plausible actual malice because the Complaint contains no facts suggesting Mr. Cillizza used "Big Lie" believing it to be false.


## Publication "D".

On-air statements by CNN host Jake Tapper during a January 16, 2022, telecast of CNN's "State of the Union" program, in which Mr. Tapper states:

**TAPPER: Over the weekend, while Martin Luther King III was in Arizona rallying to expand voting rights, Donald Trump was, the same day, in the same state, doing the exact opposite, continuing to push his big lie.  (BEGIN VIDEO CLIP)**

**TRUMP: Last year, we had a rigged election, and the proof is all over the place. They always talk about the big lie. They're the big lie.  (END VIDEO CLIP)**

**TAPPER: There is a reason Trump was in Arizona, to push the legislature to disenfranchise the state's voters based on all of his deranged election lies.**

Publication D is nonactionable because:

(i)      there is no identifiable, verifiable false statement of fact;

(ii)     the terms "his big lie" and "deranged election lies" are rhetorical hyperbole and do not refer to Hitler or Nazism;

(iii)    the use of those terms is "pure opinion;" and

(iv)     there is no plausible actual malice because the Complaint contains no facts suggesting Mr. Tapper used "big lie" believing it to be false.

<u>**Publication "E"**</u>.

A third editorial by Mr. Cillizza from February 11, 2022, titled "*Here's the terrible reality: Trump's election lie is on the march*," which states:

**By now, you know about Trump's big lie. It's that the 2020 election was somehow fraudulent, that Trump actually beat Joe Biden, but that through widespread voter fraud the result didn't reflect the will of the people.**

Publication E is nonactionable because:

(i)      there is no identified, verifiable false statement of fact;

(ii)     the term "big lie" is political invective and does not refer to Hitler or Nazism;

(iii)    the use of "big lie" is "pure opinion;" and

(iv)     there is no plausible actual malice because the Complaint contains no facts suggesting Mr. Cillizza used "big lie" believing it to be false.

## III.    The Allegations and Legal Theory of The Complaint.

The Complaint asserts two claims: Count I for "defamation *per se"* and Count II for "defamation." [D.E. 1 at ¶¶ 37-75.] Intertwined with both claims is Plaintiff's overarching theory of falsity that "the 'Big Lie'" "create[s] a false and incendiary association between the Plaintiff and Hitler" when describing Plaintiff's claims "about the integrity of the election process for the 2020 presidential election." [*Id*. at ¶¶ 22-25, 39, 59.] The Complaint asserts "Big Lie" is a "statement of fact" that conveys "the Plaintiff would be Hitler-like in any future political role" and "associates the

Plaintiff's character with that of Hitler." [*Id.* at ¶¶ 38-42, 47, 50, 58-62, 65, 68.] The Complaint does not explain anywhere why that allusion is false.

As stated, the defamation claim is <u>solely</u> based on passages from five Publications (some using "Big Lie" and some not). Each is obviously "opinion" in label, tone, and content. *See Ollman v. Evans*, 750 F.2d 970, 980-87 (D.C. Cir. 1984) (*en banc*). The Complaint does not identify any specific falsity in any cited passage. [*Compare id.* at ¶ 28 *with id.* at ¶¶ 40-41, 60-61.]

The Complaint admits Plaintiff is a public figure and contends "the allegations . . . meet the actual malice standard" because CNN "knew the association of Plaintiff's character with that of Hitler was false . . . or [CNN] published the statements with reckless disregard for their truth or falsity." [*Id.* at ¶¶ 47 n.41, 65 n.42.] The Complaint, however, offers no fact suggesting CNN subjectively doubted the truth of the identified passages or the use of "Big Lie" as applied to Plaintiff's conduct. Instead, Plaintiff asserts CNN is politically biased against him, based upon the "disparate treatment of public figures who support its narrative versus those who do not" on claims of "election infirmities," [*id.* at ¶¶ 30-35], and that CNN's reporting is "propaganda" and "self-serving pronouncements by political opponents of the Plaintiff and their news proxy (and political participant), CNN," [*id.* at ¶¶ 1, 12-14, 18, 25. 29, 35-36]. The Complaint also cites a <u>2012</u> telecast in which then-CNN Political Director Paul Steinhauser states that comparing members of the Republican Party to Nazis was "not cool," "stupid," and "sick" [*id.* at ¶¶ 24, 55.b, 74.b], and a June 2022 report (many months after the Publications were published) in which CNN's Chairman and CEO Chris Licht reportedly "expressed displeasure with the use of 'Big Lie'" [*id.* at ¶¶ 26, 55.b, 74.b]. Such allegations (even if true) are dispositive of absolutely nothing.

## IV.    Legal Standard.

Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face,"

construing all allegations in the plaintiff's favor. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) (quotations omitted). However, this Court need not accept "conclusory allegations or legal conclusions." *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 251 (11th Cir. 2021). The Court's review is generally "limited to the four corners of the complaint," *Dershowitz*, 541 F. Supp. 3d at 1360, but it may consider material that is referred to in the Complaint and is central or integral to Plaintiff's claims. *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002).

Florida provides the substantive state law for Plaintiff's defamation claims as Plaintiff resided in Florida at the time of the publications at issue. [D.E. 1. at ¶¶ 5, 9.] *See Neiman Nix v. ESPN, Inc.*, 772 Fed. App'x 807, 809-10 (11th Cir. 2019). Florida requires public figure plaintiffs to satisfy five elements: (1) publication; (2) falsity; (3) knowledge or reckless disregard as to the falsity; (4) actual damages; and (5) a defamatory statement. *See Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). "A false statement of fact is the *sine qua non* for recovery in a defamation action." *Beres v. Daily Journal Corporation,* 2022 WL 805733, at *5 (S.D. Fla. March 8, 2022) (quoting *Hallmark Builders, Inc. v. Gaylord Broad. Co.,* 733 F.2d 1461, 1464 (11th Cir. 1984)).

The First Amendment <u>also</u> requires that public figures plausibly allege: (1) an actual false statement of fact about the plaintiff; that is (2) "susceptible of being proved true or false"; and (3) made by the defendant with "actual malice," that is, "with knowledge that it was false or with reckless disregard" of falsity. *Coral Ridge*, 6 F.4th at 1252 (citations omitted).

## V.    Argument & Citation of Authority

The Complaint uses the same flawed theory of falsity and actual malice across all the Publications. CNN accordingly addresses why Plaintiff's defamation theory fails generally, and then summarizes why each Publication cannot support a defamation claim.

A.        <u>**Plaintiff's Over-Arching Theory of Falsity Fails as a Matter of Law.**</u>

As discussed above, Plaintiff's theory of falsity is narrow: Plaintiff contends "the Big Lie" falsely conveys, as fact, that Plaintiff's character can be "associated with that of Hitler" and that "Plaintiff would be Hitler-like in any future political role." [D.E. 1 ¶¶ 41, 61.] The Court must therefore determine whether "the Big Lie" plausibly conveys a false statement of fact and grant dismissal if it does not. *Turner*, 879 F.3d at 1262; *see also Trump v. Clinton*, --- F. Supp.3d ---, 2022 WL 4119433, at *2, 23 (S.D. Fla. Sept. 8, 2022) (dismissing injurious falsehood claim as plaintiff "fail[ed] to allege falsity" and complaint was filled with implausible allegations, "hyperbole, and the settling of scores and grievances.").

1.      <u>**The Complaint Does Not Plausibly Identify a False Statement Of Fact.**</u>

First, *nowhere* does the Complaint actually allege a specific false statement of fact in the Publications. [*Compare* D.E. 1 at ¶¶ 41, 61 (citing "defamatory statements") *with id.* at ¶ 28 (listing Publications but not identifying any specific false statement of fact therein).] This lack of falsity is glaringly obvious in Publication B, which does not even use the term "Big Lie." Instead, Mr. Cillizza merely compares a quote by Plaintiff with a quote by Joseph Goebbels, and yet neither quote is alleged to be inaccurate. Simply put, there is nothing "false" at all in Publication B—it is merely a comparison of quotes.

Further, Plaintiff's overall theory of falsity for the "Big Lie" is implausible, and the Complaint should be dismissed for this reason alone.[2] Plaintiff does not contend "Big Lie" is false

---

[2] Although Plaintiff's theory relies on a series of (unreasonable) inferences, Plaintiff notably does <u>not</u> assert a claim of "defamation by implication," where statements are literally true but allegedly create a false impression. *See Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106-08 (Fla. 2008). Moreover, Florida does not recognize claims of defamation *per se* against media defendants: "a plaintiff suing a media defendant must nevertheless plead malice and damages." *Corsi v. NewsMax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021). Defamation *per quod* is thus the only remedy available, and "only upon an allegation and proof of special damages," *Campbell v. Jacksonville Kennel Club, Inc.*, 66 So. 2d 495, 497 (Fla. 1953), that is, only upon an allegation of

on its face. He instead relies on two inferences to construct an artificial "falsity": (1) "Big Lie" is understood by readers to refer to propaganda tactics espoused by Adolf Hitler; and (2) thus readers understand "Big Lie" asserts as fact that Plaintiff has the actual "character" of Hitler. [D.E. 1 at ¶¶ 28-34.] Plaintiff, however, cannot "build inference upon inference in order to find defamatory meaning in a statement." *Church of Scientology v. Cazares*, 638 F.2d 1272, 1288 (5th Cir. Mar. 1981) (citing Charles Manson and "helter-skelter" in reference to Church of Scientology did not mean Church promoted mass murder), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

Both inferences are implausible. In the context of these specific Publications, average readers would not plausibly understand "Big Lie" to be an allusion to the Nazis (as opposed to just a lie that is "Big"). *See Turner*, 879 F.3d at 1262-63 (whether statement is one of fact or opinion is a question of law for the court); *Beres*, 2022 WL 805733 at *4 ("Courts are required to analyze defamation claims through the objective lens of the average reasonable reader, not the subjective interpretations of actual readers."). Moreover, average readers would not plausibly conclude that these specific publications assert Plaintiff actually "has the character" of Hitler or would literally be "Hitler-like" in any future political role. Even if these inferences were plausible, the Complaint does not explain *what is actually false* about the alleged historical allusion. As such, Plaintiff's attenuated theory of falsity does not identify a plausible false statement of fact, warranting dismissal. *E.g.*, *Rubin v U.S. News & World Report, Inc.*, 271 F.3d 1305, 1307-08 (11th Cir. 2001) (affirming dismissal where no reasonable implication of defamatory falsehood); *Readon v. WPLG, LLC*, 317 So. 3d 1229, 1237 (Fla. 3rd DCA 2021) (same).

---

"realized or liquidated loss," *Grayson v. No Labels, Inc.*, --- F. Supp. 3d. ---, 2022 WL 1316227, at *8 (M.D. Fla. Apr. 28, 2022) (discussing permissible "special damages" in context of *Daubert* motion).

### 2.  <u>Plaintiff Seeks to Impose Liability for Unprovable Statements.</u>

Plaintiff's theory of falsity also fails under the First Amendment as it explicitly relies on an unprovable proposition: whether Plaintiff will be "Hitler-like in any future political role" and whether his character can be "associated with that of Hitler." *See Weyrich v. New Republic, Inc.*, 235 F.3d 617, 624 (D.C. Cir. 2001) ("Verifiability is . . . a critical threshold question at the Rule 12(b)(6) stage"; claim plaintiff "suffer[ed] bouts of pessimism and paranoia" unverifiable).

Statements that are not "susceptible for being proved true or false" are absolutely protected by the First Amendment. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19-21 (1990) ("a statement on matters of public concern must be provable as false before there can be liability under state defamation law."); *Turner*, 879 F.3d at 1264 (statement must be "readily capable of being proven true or false" to be actionable).  The provable falsity requirement ensures that free debate is not curtailed, as otherwise liability could be based on "speculation" and a jury's "approval or disapproval of the contents of the statement, its author, or its subject" rather than on the truth or falsity of the statement. *See Ollman*, 750 F.2d at 981-82. Thus, terms that are "debatable, loose and varying" or suffer from "tremendous imprecision" in "meaning and usage . . . in the realm of political debate" are not actionable. *Buckley v. Littell*, 539 F.2d 882, 893 (2d Cir. 1976); *see Coral Ridge Ministries Media, Inc. v. Amazon, Inc.*, 406 F. Supp. 3d 1258 (M.D. Ala. 2019) (label of "hate group" not actionable because term had highly debatable and ambiguous meaning, and not "provable as false"; Rule 12 dismissal), *aff'd* 6 F.4th 1247 (11th Cir. 2021) (on actual malice grounds). Such protections are critical in matters involving, as here, core political speech concerning the integrity of a presidential election. *Buckley*, 539 F.2d at 889 (ruling that in "an exchange, however heated, about systems of government . . . democracy and totalitarianism . . . the widest latitude for debate in the interests of the First Amendment must be furnished").

There is no quantum of proof that can prove or disprove speculative conjecture on whether Plaintiff will be "Hitler-like" if elected to office again or whether Plaintiff's "character" can be "associate[d] with that of Hitler." Such conclusions are subjective assessments of the intangible: a perception of whether one's mental or moral qualities (based on conduct and statements) align or do not align with the mental or moral qualities of historical figures. *See Turner*, 879 F.3d at 1264, 1270 (accusation that coach participated in "homophobic taunting" and used "poor judgment" was nonactionable "subjective assessment of [Plaintiff's] conduct"; affirming dismissal); *Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711, 718 (11th Cir. 1985) ("The statement was not capable of verification; ordinarily, an individual's morality or immorality is not subject to empirical proof."). Just as in *Ollman*, where the plaintiff was said to be "an outspoken proponent of political Marxism," and in *Buckley*, where the plaintiff was accused overtly of being a "fascist" and part of the "radical right," so too here: Plaintiff's allegation that he has been likened to Hitler or accused of "Hitler-like" intentions does not identify a provably false statement of fact as a matter of law. *See Ollman*, 750 F.2d at 987; *Buckley*, 539 F.2d at 889. Instead, whether Plaintiff's character is "Hitler-like" is simply an idea, and "there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40 (1974).

### 3.   Plaintiff Seeks to Impose Liability for Protected Political Rhetoric.

Next, any "Hitler-like" comparisons flowing from "Big Lie" and "deranged election lies" are all protected rhetorical hyperbole, and the First Amendment "provides protection for statements that cannot 'reasonably [be] interpreted as stating actual facts'" about an individual. *Milkovich*, 497 U.S. at 20 (cit. omitted). Protecting such terms ensures "that public debate will not suffer for lack of "'imaginative expression' or the 'rhetorical hyperbole' which has traditionally added much to the discourse of our Nation." *Id.* This is because exaggeration, political invective, and rhetorical

language used for dramatic effect in a heated public debate are not assertions of *literal* fact.[3] *E.g.*, *Horsley v. Rivera*, 292 F.3d 695, 701 (11th Cir. 2002) ("exaggeration and non-literal commentary [are] an integral part of social discourse"); *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1381-82 (S.D. Fla. 2006) ("Where an issue is controversial, evoking strongly held views, statements relating thereto are more likely to be deemed rhetorical hyperbole.").

As used in the Publications, "Big Lie" (and any resulting comparison) is simply a rhetorical flourish for dramatic effect in a heated debate on a topic on which there should be no wider latitude for speech: the integrity of the 2020 presidential election. Indeed, courts have protected language considerably more direct and laden with specific meaning than an inference of being "Hitler-like"—such as "fascist," "racist," and "Neo-Nazi." *See Stevens v. Tillman*, 855 F.2d 394, 402 (7th Cir. 1988) ("the term 'racist' is hurled about so indiscriminately that it is no more than a verbal slap in the face"); *Raible v. Newsweek, Inc.*, 341 F. Supp. 804, 806 (W.D. Pa. 1972) ("to call a person a bigot or other appropriate name descriptive of his political, racial, religious, economic or sociological philosophies gives no rise to an action for libel").

For example, in Publication A, Prof. Ben-Ghiat's Op-Ed clearly uses "Big Lie" to make a political point: a "Big Lie" is an "alternate belief system" dependent on "smaller lies," and it is the "authoritarian way." This does not state a literal fact that Plaintiff *is* Hitler or will literally implement policy programs from Nazi Germany. Instead, Publication A uses "Big Lie" as an expression of contempt for Plaintiff's conduct. Thus, "Big Lie" is the same as the "loose language or undefined slogans that are part of the conventional give-and-take in our economic and political

---

[3] The "actual facts" requirement is distinct from the "provably false" requirement. For example, the falsity of invectives like "you bastard" and "you pig" may be technically provable, but such casually used language does not convey "actual facts" about "the target's lineage or . . . porcine pedigree." *Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 132 (1st Cir. 1997).

controversies—like 'unfair' or 'fascist'—" and is not a false statement of actual fact. *Old Dominion Branch No. 496 v. Austin*, 418 U.S. 264, 284 (1974) ("scab" was protected rhetorical hyperbole showing "strong disagreement" between union members and opponents); *see Horsley v. Feldt*, 304 F.3d 1125, 1133 (11th Cir. 2002) (statement that plaintiff was "morally culpable of murder" was protected "expression of contempt"). Such rhetorical allusions to history are not actionable.

### 4.   **Plaintiff Seeks to Impose Liability for Nonactionable Pure Opinion.**

Next, the Complaint fails because—*according to Plaintiff's own theory of defamation*— the term "Big Lie" is "pure opinion" and is protected under Florida law and the First Amendment.

"Opinion" under Florida law is "a critical judgment made by the author." *From v. Tallassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1ˢᵗ DCA 1981). "Pure opinions" are opinion statements accompanied by a recitation of the facts on which the opinion is based, or the underlying facts are commonly understood by the public. *Id*. By comparison, "mixed opinion" implies the existence of other, undisclosed defamatory facts. *Id*. Whether a statement is one of fact, mixed opinion, or "pure opinion" is a question of law and is judged based on the totality of the publication. *Hay v. Independent Newspapers, Inc.*, 450 So. 2d 293, 295 (Fla. 2ⁿᵈ DCA 1984); *Turner*, 879 F.3d at 1263 ("[A] court should construe statements in their totality[.]"); *see also Pullum v. Johnson*, 647 So. 2d 254, 257 (Fla. 1ˢᵗ DCA 1994) ("A political publication may not be dissected and judged word for word or phrase by phrase. The entire publication must be examined.").

"Big Lie" is pure opinion. In the four Publications using the term (Publication B does not use the term), "Big Lie" is a critical judgment based upon two disclosed, unchallenged facts: (1) Plaintiff claims that the 2020 presidential election was "rigged" or "stolen" through material fraud and (2) there is "zero actual evidence" and "no proof" to validate those claims. [E.g., D.E. 1 at ¶¶ 23, 28(a), 28(c)-28(e).] These facts would be known to the reader, either through the Publications

themselves or because they were "already known" to the public given the extensive news coverage surrounding the 2020 presidential election, CNN's coverage of Plaintiff's claims of electoral fraud, and the scores of judicial decisions rejecting such claims. *See Hay*, 450 So. 2d at 295 (calling plaintiff a "crook" was pure opinion based on facts in the article and facts "known or readily available to the reader as a member of the public"; affirming dismissal). Further, because these underlying facts are explicit, there is "no implication in [the] reported statements that there were undisclosed facts which also formed the basis of [the author's] opinion." *Morse v. Ripken*, 707 So. 2d 921, 923 (Fla. 4th DCA 1998). The Complaint does not challenge any of these underlying facts. "Big Lie" is pure opinion.

Finally, any message conveyed by "Big Lie" suggesting Plaintiff is or will be "Hitler-like" is also necessarily pure opinion: Plaintiff complains about a critical judgment (he has the character of Hitler) which is based on explicit, disclosed, and unchallenged facts (Plaintiff cannot validate his claim that the 2020 election was "rigged" or "stolen"). As such, if "Big Lie" implies that Plaintiff has a "character" like that of Hitler, such message is "nothing more than . . . commentary on the facts presented," and anyone can "draw his or her own conclusion concerning" the propriety of CNN's use of the phrase "Big Lie" and any comparisons flowing therefrom. *See Tillett v. BJ's Wholesale Club, Inc.*, 2010 WL 11507322 at \*6 (M.D. Fla. 2010) (dismissing defamation claim).

**B.  The Complaint Does Not Plausibly Allege Actual Malice.**

Plaintiff also does not plausibly allege CNN used the phrase "Big Lie" with "actual malice," as required by Florida law and the First Amendment.

To plausibly allege actual malice, Plaintiff must identify specific facts giving rise to a "reasonable inference" that CNN subjectively "actually entertained serious doubts" about the factual accuracy of the Publications or that CNN "was highly aware that the [Publications were]

probably false." *Michel*, 816 F.3d at 702-703; *Gertz*, 418 U.S. at 342 ("[P]ublic figures . . . may recover for injury to reputation only on clear and convincing proof that the defamatory falsehood was made with knowledge of its falsity or with reckless disregard for the truth."). This requires showing "the article[s'] characterization[s]" of Plaintiff's claims of election fraud as the "Big Lie" were "fabricated by the defendants, wholly imaginary, . . . inherently improbable, or obviously worthy of doubt." *Michel*, 816 F.3d at 705. Plaintiff must therefore allege <u>facts</u> showing CNN "in fact entertained serious doubts" about using the term "Big Lie" in reference to Plaintiff's election fraud claims, knew "Big Lie" inaccurately compared Plaintiff to Hitler, and intended such comparison. *See St. Amant v. Thompson*, 390 U.S. 727, 731 (1968); *Klayman v. City Pages*, 650 F. App'x 744, 750 (11th Cir. 2016). The Complaint does not and cannot meet this standard, warranting dismissal.[4]

First, the Complaint's conclusory and circular claims of actual malice must be disregarded. *See Coral Ridge*, 6 F.4th at 1252-53. For example, it is not enough that the Complaint alleges CNN "knew the association of the Plaintiff's character with that of Hitler was false . . . or they published the statements with reckless disregard for their truth or falsity." [D.E. 1 at ¶¶ 41, 50.] Similarly, the Complaint contends CNN repeating "inflammatory language" demonstrates actual malice because it *is* repeated or inflammatory. [D.E. 1 at ¶¶ 15, 55.a, 74.a.] This is not only conclusory but also circular. Neither allegation shows CNN subjectively doubted the truth of "Big Lie." *Coral Ridge*, 6 F.4th at 1252; *Jacoby v. Cable News Network, Inc.*, 2021 WL 5858569, at *5 (11th Cir. 2021) (bare allegation that defendant "reserved an intention to fabricate or otherwise misrepresent facts" was conclusory; affirming dismissal).

---

[4] While Plaintiff argues the actual malice standard should not apply, *i.e.*, D.E. 1 at ¶ 2, the Court is "not at liberty to decline to follow the decisions of the Supreme Court." *Coral Ridge*, 6 F.4th at 1253, n.9 (declining to "get rid of the actual malice requirement" even if issue properly raised).

Second, the Complaint does not (1) allege any facts showing the state of mind of anyone at CNN responsible for the Publications; (2) allege any fact showing CNN doubted the truth of any specific passage in any Publication; or (3) connect CNN's generally averred "knowledge" of falsity to any specific Publication. For example, the Complaint does not allege facts suggesting that Mr. Tapper doubted his characterization of Plaintiff's claims of election fraud as "big" or "deranged election lies." The lack of **any** facts showing **any** author's state of mind at the time of publication dooms Plaintiff's claim. *See Donald J. Trump for President, Inc. v. CNN Broad., Inc.*, 500 F. Supp. 3d 1349, 1357 n.4 (N.D. Ga. 2020) (dismissing for lack of actual malice as "the complaint [did] not connect" allegations of actual malice "to the specific article in question"); *cf. Sullivan*, 376 U.S. at 287 ("the state of mind required for actual malice [must] be brought home to the persons in the . . . organization having responsibility for the publication").

Third, Plaintiff's allegation that CNN is treating him unfairly because it is politically biased against him does not plausibly allege actual malice.[5] [D.E. 1 at ¶¶ 1, 12-14, 18, 25, 29-36.] The Complaint takes issue with CNN's reporting on other (Democratic) politicians' claims of "election infirmities," contending that "[n]one of these individuals were accused of propagating a 'Big Lie' or even lying" which (allegedly) "is a clear indicator of CNN's malice." [*Id.* at ¶¶ 30-35.] The Complaint further argues the actual malice standard should not apply at all because CNN "is not publishing statements to foster debate, critical thinking or the 'unfettered exchange of ideas' but rather seeks to participate in the political arena." [*Id.* at ¶¶ 47 n.41, 65 n.42.]

This actual malice theory is simply not supported by any law. As this Court recently

---

[5] Plaintiff's claim that he has been treated unfairly is a prohibited attempt to interfere with CNN's editorial discretion. *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974) ("The choice of material to go into a newspaper . . . and treatment of public issues and public officials – whether fair or unfair – constitute the exercise of editorial control and judgment.").

recognized: "[a]llegations of 'leftist enmity' cannot trump the guarantees of the First Amendment." *Dershowitz*, 541 F. Supp. 3d at 1370 (cleaned up). Plaintiff's allegations that CNN was motivated by political animus cannot serve as proof of actual malice; to the contrary, such allegations are "immaterial to the claim and are an impertinent salvo that do not belong in th[e] case." *Id.* at 1370; *see Trump for President*, 500 F. Supp. 3d at 1357.

Finally, the Complaint's passing reference to statements by various individuals at CNN long before and after the Publications were published do not even begin to reasonably show that CNN doubted the veracity of the Publications. First, statements by former employees such as Ms. Banfield and Mr. Steinhauser **in 2012** do not (and cannot) demonstrate CNN acted with actual malice **in 2021** when using "Big Lie" to describe Plaintiff's claims of election fraud (particularly as the 2012 telecast did not address Plaintiff or his claims of election fraud at all). [*See* D.E. at ¶¶ 24, 55.b, 74.b.] Likewise, the alleged report that CNN's then-new Chairman "reportedly . . . expressed displeasure with the use of 'Big Lie'" and "explicitly instructed" CNN's anchors "to stop using the phrase 'The Big Lie'" is not evidence of actual malice. [D.E. 1 at ¶¶ 26, 55.b, 74.b.] Not only is this "displeasure" an editorial preference rather than an expression of subjective doubt, the meeting occurred **months after** the Publications were published and does not indicate anyone thought "Big Lie" was factually false.

In sum, the Complaint does not plausibly allege that CNN entertained any doubts about the Publications. Dismissal is therefore warranted.  As explained by the Eleventh Circuit:

> [T]here is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation. … Forcing publishers to defend inappropriate suits through expensive discovery proceedings in all cases would constrict that breathing space in exactly the manner the actual malice standard was intended to prevent. The costs and efforts required to defend a lawsuit through that stage of litigation could chill free speech nearly as effectively as the absence of the actual malice standard altogether.

*Michel*, 816 F.3d at 702. This Court should follow suit and dismiss the Complaint.

    C.   **The Publications Are Individually Not Actionable.**

In summary, CNN will demonstrate each of the five Publications is not actionable.

    1.   **Publication A: Trump's big lie wouldn't have worked without his thousands of little lies.**

Publication A was published under CNN Opinion and authored by Professor Ruth Ben-Ghiat, "a frequent contributor to CNN Opinion." The article identifies Plaintiff's Big Lie as "We won this election, and we won it by a landslide." Publication A contends this claim is a "brazen falsehood" by pointing to these facts: Plaintiff "lies about dead people voting, about fraudulent mail-in ballots, about votes illegally counted, not counted at all, or invented," "falsely accused Democrats of pulling 'suitcases of ballots out from under a table," and "lied that news media had declared Biden the winner even though 'they still don't have any idea what the votes are.'"

In context, "Big Lie" is pure opinion in a piece that is obviously opinion in label, tone, and content. *See Ollman*, 750 F.2d at 980-87. It discloses the facts on which "Big Lie" is based, and does so in a polemical, highly opinionated manner. The use of "Big Lie" is clearly rhetoric used to make a point: lying about an election is "authoritarian" in nature. To the extent "Big Lie" draws comparisons to Hitler, it is not verifiable. Finally, Plaintiff does not allege facts that suggest that Prof. Ben-Ghiat used "Big Lie" with any subjective belief that it was false. *Coral Ridge*, 6 F.4th at 1253. It is not actionable.

    2.   **Publication B:  Donald Trump just accidentally told the truth about his disinformation strategy.**

Publication B is an "analysis" piece by Chris Cillizza, CNN Editor-at-large, and published on CNN Politics under "The Point." In label, tone, and content, it is obviously opinion. *See Ollman*, 750 F.2d at 980-87. Mr. Cillizza quotes Plaintiff as stating, "If you say it enough and keep saying

it, they'll start to believe you," and then states "[o]ne can only hope that Trump was unaware" that his quote was a "near replication" of a quote by Joseph Goebbels.

In short, Mr. Cillizza compared a statement from Plaintiff against a statement by Goebbels, correctly conveying both quotes. There is nothing defamatory here. There is nothing false here. The article does not even use the term "Big Lie." Plaintiff also does not allege facts that suggest that Mr. Cillizza made any statement with any subjective belief that it was false. It is nonactionable.

### 3. **Publication C: Donald Trump's mental health becomes an issue again.**

Publication C is another CNN Politics piece by Chris Cillizza. Mr. Cillizza states: "Trump has (a) never conceded the 2020 election to President Joe Biden and (b) continued to push the Big Lie that the election was somehow stolen despite there being zero actual evidence to back up that belief." Again, in label, tone, and content, the overall piece is opinion. *Ollman*, 750 F.2d at 980-87.

The article and statement are pure opinion: the factual premise for using the term "Big Lie" is identified ("zero actual evidence" to support Plaintiff's claim the election was "stolen") and the factual premise is not challenged as false. "Big Lie" is also used as political invective. To the extent "Big Lie" draws comparisons to Hitler, it is not verifiable, and no facts suggest that Mr. Cillizza used "Big Lie" with any subjective belief that it was false. *Coral Ridge*, 6 F.4th at 1253. The article and statement are nonactionable.

### 4. **Publication D: State of the Union.**

Publication D is from the show "State of the Union" that aired January 16, 2022. "State of the Union" is a Sunday morning talk show with commentary from host Jake Tapper. On the show, Jake Tapper called Plaintiff's claims of a "rigged election" a "big lie" and "deranged election lies."

The discussion is obviously opinion commenting on recent comments by Plaintiff. The premise for Jake Tapper's use of the term "Big Lie" and "deranged election lies" was known to viewers, as they obviously refer to Plaintiff's claim of a "rigged election." Moreover, "big lie" and "deranged election lies" are political invective that—to the extent they draw comparisons to Hitler—are not verifiable. The show as a whole is clearly offering critical commentary in a highly opinionated fashion. *Ollman*, 750 F.2d at 980-87. Finally, no alleged fact suggests that Mr. Tapper used "big lie" with any subjective belief that it was false. *Coral Ridge*, 6 F.4th at 1253. The telecast is nonactionable.

### 5. <u>Publication E: Here's the terrible reality: Trump's election lie is on the march.</u>

Publication E is another CNN Politics opinion piece by Chris Cillizza. In it, Mr. Cillizza discusses the "insidiousness of Trump's big lie," and defines "Trump's big lie" early in the piece: "It's that the 2020 election was somehow fraudulent, that Trump actually beat Joe Biden, but that through widespread voter fraud that result didn't reflect the will of the people."

There is no alleged false statement of fact, and the reference to "Big Lie" is pure opinion as the factual premises are revealed and not challenged. In label, tone and content, the overall piece is clearly opinion. *Ollman*, 750 F.2d at 980-87. Again, "Big Lie" constitutes nonactionable political invective, and again, any comparisons to Hitler are similarly nonactionable and unverifiable. Plaintiff does not allege facts suggesting Mr. Cillizza used "Big Lie" with any subjective belief that it was false. *Coral Ridge*, 6 F.4th at 1253. The article is nonactionable.

## VI.    Conclusion

The Complaint should be dismissed with prejudice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 22nd day of November to Lindsey Halligan, Esq., lindseyhalligan@outlook.com, 400 N. Federal Highway, Hallandale, Florida 33009 and James M. Trusty, Esq., jtrusty@ifrahlaw.com, Ifrah Law, PLLC, 1717 Pennsylvania Ave, N.W. Suite 650, Washington, DC 20006, *Counsel for the Plaintiff.*

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ *George S. LeMieux, Esq.*
George S. LeMieux, Esq.
Florida Bar No. 16403
Email: glemieux@gunster.com
Eric C. Edison, Esq.
Florida Bar No. 010379
Email: eedison@gunster.com

**BRYAN CAVE LEIGHTON PAISNER**
Eric P. Schroeder, Esq. (admitted *pro hac vice*)
Email: eric.schroeder@bclplaw.com
Brian M. Underwood, Jr. Esq. (admitted *pro hac vice*)
Email: brian.underwood@bclplaw.com
1201 W. Peachtree St. NW
Atlanta, Georgia 30301
Telephone: 404-572-6600

*Counsel for Defendant Cable News Network, Inc.*