fIN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61842-AHS

DONALD J. TRUMP,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

# DEFENDANT CABLE NEWS NETWORK, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

**GUNSTER, YOAKLEY & STEWART, P.A.**
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000

By: /s/ *George S. LeMieux, Esq.*
    George S. LeMieux, Esq.
    Florida Bar No. 16403
    Email: glemieux@gunster.com
    Eric C. Edison, Esq.
    Florida Bar No. 010379
    Email: eedison@gunster.com

**BRYAN CAVE LEIGHTON PAISNER LLP**
Eric P. Schroeder, Esq. (*admitted pro hac vice*)
Ga. Bar No. 629880
Email: eric.schroeder@bclplaw.com
Brian M. Underwood, Jr. Esq. (*admitted pro hac vice*)
Ga. Bar No. 804091
Email: brian.underwood@bclplaw.com
1201 W. Peachtree St. NW
Atlanta, Georgia 30309
Telephone: 404-572-6600

*Counsel for Defendant Cable News Network, Inc.*

I.     **Plaintiff Must Plead Facts Showing Falsity of The Publications at Issue.**

Plaintiff's response in opposition to CNN's motion to dismiss confirms that this lawsuit is baseless and nothing more than political theater.

At the core of the Response lies a remarkable statement: "there is no case law requiring Plaintiff to plead facts that show why a false statement of fact is, in fact, false." (D.E. 21 ("Response") at 2 n.2.) This statement is unequivocally incorrect. Not only does *Twombly* require "more than labels and conclusions," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), but in defamation cases, "a plaintiff must plead facts demonstrating falsity to prevail on a motion to dismiss the complaint in federal court." *Tannerite Sports LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247 (2d Cir. 2017) (affirming dismissal); *cf. Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703-04 (11th Cir. 2016) (claim must adequately plead facts giving rise to a reasonable inference of actual malice). Plaintiff's fact-free, *ipse dixit* approach is a fatal error that pervades the entire Complaint.

Instead of pleading facts tied to legal claims, Plaintiff attacks CNN for bias and suggests it should be denied First Amendment protections for opinion, hyperbole and/or political speech merely because Plaintiff does not like what CNN says about him. But this is a lawsuit – not a political rant – and the Plaintiff and this Court are bound by applicable law and clear precedent.

Because Plaintiff (i) has not plausibly alleged a false statement of fact in any Publication; (ii) has not shown how CNN published any Publication with actual malice; and (iii) has not shown how "Big Lie" is verifiably false or otherwise actionable, the Complaint must be dismissed.

II.    **Plaintiff Does Not Address Each of The Specific Publications in Context.**

As Plaintiff now concedes, under Florida law and federal pleading requirements, there are only five Publications at issue, not thousands. (D.E. 21 at 13-14.) CNN's Motion identified why each Publication is not actionable, explaining how each was an opinion piece (in label, tone and content), and showing the Complaint's failure to identify a specific false statement of fact in any Publication.

1

(D.E. 20 at 3-5, 18-20.) The Response ignores this required analysis, and does not even address three Publications at all (thereby abandoning its claims for them).[1] Instead, the Response argues ***any*** use of "Big Lie" is defamatory (without showing falsity), as it supposedly suggests Plaintiff is "akin to Hitler" (though no Publication mentions Adolf Hitler and, at most, "Big Lie" is only arguably used to refer to the tactic of repeating a false statement until one believes it). The failure to address the Publications themselves requires dismissal. (*See* D.E. 20 at 3-5, 8, 12, 13-14, 18-20.)

### III.  Plaintiff Has Not Plausibly Alleged Actual Malice.

In addition to its failure to adequately allege falsity, the Complaint does not plausibly allege (because it cannot) that CNN acted with actual malice, requiring dismissal. (*See* D.E. 20 at 15-17.)

The Complaint does not identify *any* factual allegation demonstrating CNN subjectively doubted the factual accuracy of any Publication, or that CNN's use of "Big Lie" (and any resulting inference) was "fabricated by the defendants, wholly imaginary . . . inherently improbable or obviously worth of doubt." *Michel*, 816 F.3d at 705. Plaintiff must plead facts, not mere conclusions, plausibly showing CNN "seriously doubted" the veracity of its Publications. *See Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1253 (11th Cir. 2021); *Jacoby v. Cable News Network, Inc.*, 2021 WL 5858569 at *5 (11th Cir. Dec. 10, 2021). Instead of making this showing, Plaintiff argues: (1) Plaintiff "believed" there was election fraud; (2) CNN used "Big Lie" to "destroy the Plaintiff politically"; and (3) Plaintiff need not identify "with specificity each individual at CNN responsible" for the Publications. (D.E. 21 at 3-5.) Each point is meritless.

---

[1] The response mentions just two: (1) Prof. Ruth Ben-Ghiat's opinion piece, and (2) one of Chris Cillizza's editorials. (*See, e.g.*, D.E. 21 at 10.)

Taking each argument in order, Plaintiff's belief "that the 2020 election had material irregularities" is irrelevant and does not plausibly show CNN acted with actual malice. (D.E. 21 at 3-4.) First, this new allegation is not pleaded anywhere in the Complaint. Second, "belief" is not proof of material fraud.[2] Third, *CNN's* subjective state of mind is at issue, not Plaintiff's -- Plaintiff's own belief does not show CNN doubted its Publications, particularly where the Complaint does not allege any fact plausibly suggesting that CNN subjectively entertained such doubts. *See Coral Ridge*, 6 F.4th at 1252-53 (plaintiff's denial of being a hate group "insufficient to show [defendant] doubted the truth of its designation").

Next, Plaintiff's argument that actual malice can be inferred because CNN was "motivated to smear Plaintiff," "undermine his political standing" and "destroy the Plaintiff politically" (D.E. 21 at 4) ignores this Court's admonishment that allegations of "political malevolence" are "insufficient" to establish actual malice and should instead be "stricken as immaterial and impertinent." *Dershowitz v. Cable News Network*, 541 F. Supp. 3d 1354, 1370 (S.D. Fla. 2021); *see Donald J. Trump for President, Inc., v. CNN Broad, Inc.*, 500 F. Supp. 3d 1349, 1357 n.4 (N.D. Ga. 2020) (rejecting similar argument that "CNN staff members are biased" for actual malice). A defendant's "motive" alone – "whether to promote an opponent's candidacy or to increase its circulation – cannot provide a sufficient basis for finding actual malice." *Harte-Hanks Commc'ns,*

---

[2] Plaintiff misrepresents the Heritage Foundation report as support for Plaintiff's "belief," suggesting it shows "1,402 proven instances of election fraud" following the 2020 election. (D.E. 21 at 8.) Not so. The report purports to identify instances of voter misconduct **_since 1982_**, it is not limited to presidential elections, lists fewer than 110 instances since 2020 (and, as to fewer than 40 instances referencing the 2020 presidential election, several indicate the violator "wanted Trump to win"). *Election Fraud Cases*, HERITAGE FOUND., https://www.heritage.org/voterfraud-print/search (last visited Jan. 11, 2023). As acknowledged in the Complaint, CNN told Plaintiff, pre-suit, that "the outcome of the 2020 presidential election was unaffected by fraud, as verified by the dismissal of no fewer than 50 lawsuits by judges across the United States asserting otherwise . . . ." (D.E. 1 at 10 n.5.)

3

*Inc. v. Connaughton*, 491 U.S. 657, 665 (1989); *accord Coral Ridge*, 6 F.4th at 1253 n.8. As this Court noted in *Dershowitz*, "differences in political opinion" cannot support a defamation claim without "run[ing] afoul" of *Sullivan*. *See Dershowitz*, 541 F. Supp. 3d at 1370 (citing *Arpaio v. Robillard*, 459 F. Supp. 3d 62, 66 (D.D.C. 2020)); *see also Turner v. Wells*, 879 F.3d 1254, 1273-74 (11th Cir. 2018) (affirming dismissal on actual malice where plaintiff offered conclusions or merely "attack[ed] the *reliability* of the Defendants' *opinions*"; Florida law).

Further, Plaintiff's protest that CNN expects him to identify "each responsible decision maker" for the Publications is a strawman. Initially, the Complaint already identifies the authors and editors who Plaintiff believes are responsible for the Publications. The problem for Plaintiff, as pointed out in CNN's Motion and unrebutted by Plaintiff, is that far from showing those individuals acted with actual malice in making the Publications, Plaintiff does not allege "*any* facts showing *any* author's state of mind at the time of publication." (D.E. 20 at 16.) Plaintiff's attempt to misdirect the Court with this latest argument shows Plaintiff's inability to meet this elementary requirement of its defamation claims. *See Donald J. Trump for President*, 500 F. Supp. 3d at 1357 n.4 (dismissing for lack of actual malice, which must be tied "to the specific article in question.").

Finally, Plaintiff's invitation to overturn *Sullivan* should be rejected. As a matter of federal law, this Court is "not at liberty to decline to follow the decisions of the Supreme Court." *Coral Ridge*, 6 F.4th at 1253, n.9 (declining to "get rid of the actual malice requirement"). Moreover, this Court is bound to apply Florida law, which also requires proof of "actual malice" in defamation claims made by public figures. *Turner*, 879 F.3d at 1262, 1273.

In sum, the Complaint does not plead facts plausibly suggesting CNN "actually entertained serious doubt" about the veracity of the Publications, including its use of the term "Big Lie" (and any resulting inference) to describe Plaintiff's bare claim that the 2020 presidential election was

4

stolen. (*See* D.E. 20 at 14-18.) As noted in *Michel*, which Plaintiff ignores, strict application of the constitutional protections afforded by the actual malice test is necessary at the Rule 12 stage when, as here, "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation. . . . Forcing publishers to defend inappropriate suits through expensive discovery proceedings in all cases would constrict [the] breathing space [required under the First Amendment] in exactly the manner the actual malice standard was intended to prevent." 816 F.3d at 702.

**IV.     Plaintiff's Theory of Defamation Is Fundamentally Flawed and Must Be Rejected.**

The Complaint and Response are infected with another incurable defect: any accusation that Plaintiff is "Hitler-like" cannot be actionable, as it is unverifiable, "pure opinion," and/or non-literal political expression. The Response has two themes on this issue: (1) "Big Lie" directly asserts Plaintiff is "akin to Hitler" as a matter of verifiable fact; and (2) viewers construe this assertion as "fact" because CNN is a news organization with "News" in its name and it touts itself as an objective news source. (D.E. 21 at 9-13, 15.) Each argument is without merit.

First, despite Plaintiff's argument that "Big Lie" directly asserts Plaintiff is "akin to Hitler," it at most colloquially refers to an oft-cited propaganda tactic loosely ascribed to the Nazis but is not an assertion that the person cited as invoking the tactic actually *is* a Nazi. *Miami Herald Publ'g Co. v. Ane*, 423 So.2d 376, 389 (Fla. 1982) (language "should not be interpreted by extremes, but should be 'construed as the common mind would normally understand it.'").[3] Even if "Big Lie" could be construed as a reference to a Nazi-ascribed propaganda tactic, Plaintiff's attenuated interpretation impermissibly requires the Court to "build inference upon inference" to find an accusation that

---

[3] "[R]ead naturally," "Big Lie" means just that: a large falsehood. *See Tillett v. BJ's Wholesale Club, Inc.*, 2010 WL 11507322, at *5 (M.D. Fla. July 30, 2010).

5

Plaintiff is "akin to Hitler." *See Church of Scientology v. Cazares*, 638 F.2d 1272, 1288 (5th Cir. 1981).[4] Further, Plaintiff refuses to address why the allusion to "Big Lie" (or any inference therefrom) is false as a matter of historical comparison, providing another reason for dismissal.[5]

More fundamentally: even if his attenuated construction was reasonable, **Plaintiff cannot and does not demonstrate how being called "Hitler-like" is a verifiable statement of fact**. Plaintiff's one attempt at showing provable falsity is blithely stating "connotations and implications" are "capable of being assessed for their veracity." (D.E. 21 at 15.) Plaintiff, however, whiffs on addressing how the *specific* inference that Plaintiff is "akin to Hitler" can actually be proven false. As the Supreme Court ruled in *Milkovich v. Lorain Journal Co.*, a "connotation" or "implication" is only actionable *if* it is "provably false." 497 U.S. 1, 19-21 (1990). Yet nowhere does Plaintiff explain how being "Hitler-like" is any more verifiable than accusations of being a fascist (*Buckley v. Littell*, 539 F.2d 882, 894-95 (2d Cir. 1976)), a Marxist (*Ollman v. Evans*, 750 F.2d 970, 987-88 (D.C. Cir. 1984) (*en banc*)), or of having engaged in homophobic taunting (*Turner*, 879 F.3d at 1270). Indeed, in *Buckley*, the Court rejected liability for using "fascist," the very term that Plaintiff complains is conveyed by "Big Lie." *Compare Buckley*, 539 F.2d at 894-95 with D.E. 21 at 12-13 ("Big Lie" conveys Plaintiff is a "destructive, fascist leader" or "a fascist leader willing to use propaganda for

---

[4] Plaintiff claims "the correlation between the 'Big Lie,' and Nazism is unmistakable", citing one reader's feedback on Twitter to the entirely distinct special "The Fight to Save Democracy." (D.E. 21 at 3 n.3 and 10-11.) Courts, however, "are required to analyze defamation claims through the objective lens of average reasonable reader, not the subjective interpretations of actual readers." *Beres v. Daily Journal Corp.*, 2022 WL 805733, at *4 (S.D. Fla. Mar. 8, 2022). And to an average reader, the term generically refers to the tactic of publicly repeating a false statement to persuade a part of the audience to accept that statement as truth; Plaintiff himself has used the term in that sense. (*See, e.g.*, D.E. 1 at ¶ 28(d) (quoting Plaintiff's own use of "big lie").)

[5] Plaintiff's footnote that "Plaintiff is not responsible for the murder of at least 12 million people, which occurred prior to Plaintiff's birth" (D.E. 21 at 2 n.2) is at best a non-sequitur. If that is Plaintiff's theory of falsity, he would have to show a reasonable viewer believes CNN is asserting Plaintiff caused the Holocaust (which is not remotely reasonable).

political power"). Moreover, contrary to Plaintiff's suggestion, verifiability does not need further factual development; it is instead "a critical threshold question at the Rule 12(b)(6) stage."[6] Plaintiff does not offer what quantum of proof could prove Plaintiff is, or is not, "Hitler-like," and the lack of any provable metric to determine whether Plaintiff is "akin to Hitler" invites the arbitrary imposition of liability based upon the jury's "approval or disapproval of the contents of the statement, its author, or its subject," which the verifiability requirement precludes. *See Ollman*, 750 F.2d at 981-82.

Not only is the lack of verifiability a stand-alone reason to dismiss here, but Plaintiff's theory of defamation also fails because CNN's Publications are "pure opinion" that are absolutely protected under the First Amendment and Florida law. (D.E. 20 at 3-5.)

Plaintiff's insistence that his claim is based on a direct statement of fact (D.E. 21 at 12-13) is simply wrong. Even accepting Plaintiff's argument that "Big Lie" compares Plaintiff to Hitler or other "fascist" leaders, any such message is "pure opinion." This is because such comparison is: (1) an *evaluative* and *subjective* assessment of Plaintiff's conduct, morality and political mindset; and (2) based on the disclosed fact that Plaintiff asserts the 2020 presidential election was "rigged" or "stolen" yet there is "zero actual evidence" or "no proof" to validate these claims. (D.E. 20 at 13-14, 18-20.) Thus, the opinion conveyed by the Publications "merely offer[] readers [a] judgment—albeit, a harsh one—based upon facts that were known or available to them." *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1384 (S.D. Fla. 2006); *see Turner*, 879 F.3d at 1264-66 (describing plaintiff's actions

---

[6] *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 624 (D.C. Cir. 2001). Plaintiff's sole rejoinder to *Ollman* and *Buckley* is they were decided at summary judgment. Those cases, however, were decided in that procedural posture as direction on the verifiability question was not provided until appeal. Since that time, the Eleventh Circuit has made clear that "whether the statement is one of fact or opinion . . . [is a] question[] of law for the court" and can be made at the Rule 12 stage. *See Turner*, 879 F.3d at 1270 (affirming Rule 12(b)(6) dismissal). Plaintiff's further argument that a statement's verifiability depends on its degree of vitriol or an opportunity to respond are also meritless, and Plaintiff cannot cite any case for either proposition.

7

as "homophobic taunting" was pure opinion); *Ollman*, 750 F.2d at 978-79 ("evaluative statements reflecting the author's political, moral, or aesthetic views" typically opinion); *Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711, 718 (11th Cir. 1985) ("an individual's morality or immorality is not subject to empirical proof"); *Hay v. Ind. Newspapers, Inc.*, 450 So.2d 293, 295 (Fla. 2d DCA 1984) ("crook" pure opinion when underlying facts known or disclosed to the reader).

The Publications are also not "mixed" opinion. (*See* D.E. 21 at 12-13.) Plaintiff refers to "unstated facts" emanating from the "Big Lie" – i.e., "the origins of Hitler's and Goebbels 'Big Lie'" – but does not identify how they are false or if they are facts at all (as Plaintiff is clearly referring to the *idea* of the "Big Lie"). *See Milkovich*, 497 U.S. at 20 (only implied "false and defamatory facts" are actionable). Plaintiff's citation to *Dershowitz* is also misplaced, as this Court ruled it needed discovery to determine the facts "known to the audience" to see if the statements were opinion; here, the Publications themselves offer the factual basis for use of "Big Lie." *See* 541 F. Supp. 3d at 1366.

Finally, Plaintiff's argument that an average viewer construes "Big Lie" as conveying Plaintiff is a fascist or Hitler-like as actual fact (as opposed to non-actionable rhetoric) is again wrong, and a stand-alone reason for dismissal. It is hornbook law that "a published statement that is pointed, exaggerated, and heavily laden with emotional rhetoric and moral outrage cannot constitute" defamation. *Clifford v. Trump*, 339 F. Supp. 3d 915, 927 (C.D. Cal. 2018) (quotations omitted).  No case has ruled that news organizations cannot employ rhetoric to make a point, and Plaintiff cites none. Instead, "[w]here an issue is controversial, evoking strongly held views, statements relating thereto are more likely to be deemed rhetorical hyperbole." *Fortson*, 434 F. Supp. 2d at 1381. That each Publication is an "op-ed" (in label and tone), often utilizing colorful and pointed language (e.g., "deranged election lies," "brazen falsehood") to comment on a heated issue of national importance (i.e., the legitimacy of 2020 presidential election and Plaintiff's unfounded

8

challenges thereto), serves only to emphasize "Big Lie" (and any attenuated notion that Plaintiff is "Hitler-like") is protected rhetoric. *Ollman*, 750 F.2d at 982-83.

Plaintiff misconstrues the purpose and effect of rhetoric and historical comparison. Of course, no Publication suggested that Plaintiff is *literally* Hitler. And even if the Publications drew a deliberate "comparison between the Plaintiff, Nazism, and fascist leadership generally" (D.E. 21 at 10), that "comparison" is not actionable. This is because – under Plaintiff's own theory of falsity – "Big Lie" is used as figurative speech for dramatic effect, utilizing historical examples as an expression of moral outrage and contempt on an issue of immense political importance. Plaintiff's complaint that Prof. Ben-Ghiat's used the term "authoritarian" to describe Plaintiff's political mindset (which is itself unprovable rhetoric, *e.g.*, *Buckley*, 539 F.2d at 895) accentuates rather than undermines that "Big Lie" is a rhetorical flourish to emphasize the author's concern about Plaintiff's repeated claims of material election fraud. Plaintiff's disagreement with the accuracy of any resulting historical comparison does not translate into actionable defamation.

Plaintiff's argument that CNN and other news organizations are not entitled to protections for rhetoric or colorful political expression precisely because they *are* news organizations has no precedent or any grounding in history or common sense.[7] (*See* D.E. 21 at 11). News organizations have long had editorial pages and opinion journalism, and courts have readily distinguished between fact-based news and opinion pieces. *See, e.g.*, *Ollman*, 750 F.2d at 986 (reader reviewing a "column on the editorial or Op-Ed page is fully aware that the statements found there are not 'hard' news'").

---

[7] The Eleventh Circuit has repeatedly rejected the imposition of liability on news organizations for "lusty and imaginative expression[s] of contempt" for accusations much more direct and unequivocal than a suggestion of being "Hitler-like." *E.g.*, *Horsley v. Feldt*, 304 F.3d 1125, 1132-33 (11th Cir. 2002) (quotation omitted) (accusation that plaintiff "conspired with others" leading to doctors being "murdered" conveyed nonactionable moral judgment); *Horsley v. Rivera*, 292 F.3d 695, 701 (11th Cir. 2002) (citing cases; accusation of being "an accomplice to homicide" was protected hyperbole).

Likewise, it should not be surprising that news commentary may employ rhetorical hyperbole, since exaggeration and expressions of contempt have long been recognized as effective methods of communication, and such commentary is not actionable precisely because it is not considered an expression of actual fact. *McDougal v. Fox News Network, LLC*, 489 F. Supp. 3d 174, 182-85 (S.D.N.Y. 2020) (statements by Fox News host Tucker Carlson that plaintiff committed "blackmail" and "extortion" not actionable as they addressed "an issue that attracted significant public and political concern and led to sustained debate across media platform").

To put it mildly, if all statements from news organizations (including those plainly labeled opinion) are treated as "literal" assertions of fact, "public debate will . . . suffer for lack of 'imaginative expression' or the 'rhetorical hyperbole' which has traditionally added much to the discourse of this Nation." *Milkovich*, 497 U.S. at 20. The chilling effect of allowing such a claim to proceed impermissibly contravenes the First Amendment and Florida law. *Cf. Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 777 (1986) (the "chilling effect [that is] antithetical to the First Amendment's protection" requires protecting speech, particularly "concerning the legitimacy of the political process"); *Michel*, 816 F.3d at 702 (allowing implausible defamation cases to proceed to discovery may "chill free speech"); *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1111 (Fla. 2008) (rejecting "highly offensive to a reasonable person" standard of liability for speech). Plaintiff's flawed attempt to stifle any criticism of him by CNN should be rejected.

**V.     Conclusion**

It is no doubt ironic that Plaintiff has repeatedly invoked "the Big Lie" in trying to invalidate an election outcome demonstrably proven not to have been affected by fraud, D.E. 1 at ¶ 28, and yet tries to use the judicial system to now punish CNN for using that same phrase to describe Plaintiff's election claims. The Complaint is without any legal basis, and should be dismissed with prejudice.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 18th day of January to Lindsey Halligan, Esq., lindseyhalligan@outlook.com, 400 N. Federal Highway, Hallandale, Florida 33009 and James M. Trusty, Esq., jtrusty@ifrahlaw.com, Ifrah Law, PLLC, 1717 Pennsylvania Ave, N.W. Suite 650, Washington, DC 20006, *Counsel for the Plaintiff*.

> **GUNSTER, YOAKLEY & STEWART, P.A.**
> 450 East Las Olas Boulevard, Suite 1400
> Fort Lauderdale, Florida 33301
> Telephone: (954) 462-2000
>
> By: /s/ *George S. LeMieux*
>   George S. LeMieux, Esq.
>   Florida Bar No. 16403
>   Email: glemieux@gunster.com
>   Eric C. Edison, Esq.
>   Florida Bar No. 010379
>   Email: eedison@gunster.com
>
> **BRYAN CAVE LEIGHTON PAISNER**
> Eric P. Schroeder, Esq. (admitted *pro hac vice*)
> Email: eric.schroeder@bclplaw.com
> Brian M. Underwood, Jr. Esq. (admitted *pro hac vice*)
> Email: brian.underwood@bclplaw.com
> 1201 W. Peachtree St. NW
> Atlanta, Georgia 30301
> Telephone: 404-572-6600
>
> *Counsel for Defendant Cable News Network, Inc.*