UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61842-CIV-SINGHAL

DONALD J. TRUMP,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Cable News Network, Inc.'s ("CNN") Motion to Dismiss (DE [20]). The motion is fully briefed and ripe for review. For the reasons discussed below, the Motion to Dismiss is granted.

I.    INTRODUCTION

Plaintiff, Donald J. Trump ("Trump") is a former president of the United States of America and a citizen of Florida. (DE [1] ¶ 1, 5). Defendant CNN is a news media corporation organized and incorporated under the laws of Delaware with its principal place of business in Georgia. (DE [30]). Trump has sued CNN for defamation,[1] alleging diversity of citizenship. (DE [1] ¶ 4). 28 U.S.C. § 1332.

Trump alleges that CNN defamed him by making statements comparing him to Hitler and the Nazi regime. Trump's Complaint (DE [1]) specifies five instances of alleged defamation. *Id.* ¶ 28.a-e:

> a. On January 25, 2021, CNN published an article written by Ruth Ben-Ghiat, a "frequent contributor to CNN Opinion," entitled

---

[1] In Florida, before suing a media outlet for defamation, a plaintiff must "serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory." Fla. Stat. § 770.01. Trump provided a Notice Letter to CNN. (DE [1] ¶10; DE [8]). Accordingly, the conditions precedent for filing this action have been satisfied.

"Trump's big lie wouldn't have worked without his thousands of little lies." Ben-Ghiat wrote: "This is Trump's 'Big Lie,' a brazen falsehood with momentous consequences." *Id.* Ben-Ghiat likened the Plaintiff to an authoritarian dictator, writing:

> Trump, a leader of authoritarian intentions and tendencies, had disadvantages with respect to the foreign autocrats he so admires. He had no state media, like China's Xi Jinping. He could not rule by decree, like Hungary's Viktor Orbán. He had to govern and run for reelection in an open society with a relatively robust free press. Moreover, although he succeeded in making journalists into hate objects for many of his followers, he could not revoke or destroy the First Amendment.
>
> So Trump took a different tack, unleashing a barrage of disinformation common in authoritarian states but without precedent in the history of the American presidency. He told more than 30,000 documented lies in public (30,573 was The Washington Post's final tally), on Twitter, at rallies and in interviews. If taken as an average, it would come out to 21 lies per day over his four-year term.

b. On July 5, 2021, CNN published an article written by Chris Cillizza, CNN Editor-at-Large, entitled "Donald Trump just accidentally told the truth about his disinformation strategy." In this article, CNN's Editor-at-Large likens the Plaintiff to Nazi propagandist Joseph Goebbels: "One can only hope that Trump was unaware that his quote was a near-replication of this infamous line from Nazi Joseph Goebbels: 'If you tell a lie big enough and keep repeating it, people will eventually come to believe it.'"[2]

c. On September 15, 2021, CNN published an article written by Chris Cillizza, CNN Editor-at-Large, entitled, "Donald Trump's Mental Health becomes an issue again." In this article, CNN Editor-at-Large wrote that President Trump "continued to push *the Big Lie* that the election was somehow stolen despite there being *zero actual evidence* to back up that belief." *Id.* (emphasis added).

d. On January 16, 2022, CNN aired a television show entitled "State of the Union" that included host Jake Tapper making the following comments:

---

[2] The Trump quote referenced by Cillizza was made on July 3, 2022, in Sarasota, Florida: "If you say it enough and keep saying it, they'll start to believe you." *See* Trump's Big Lie Wouldn't Have Worked Without His Thousands of Little Lies," https://www.cnn.com/2021/07/05/politics/trump-disinformation-strategy/index.html (last visited July 26, 2023). Trump does not dispute making that statement.

2

> TAPPER: Over the weekend, while Martin Luther King III was in Arizona rallying to expand voting rights, *Donald Trump was,* the same day, in the same state, doing the exact opposite, *continuing to push his big lie.*
> (BEGIN VIDEO CLIP)
> TRUMP: Last year, we had a rigged election, and the proof is all over the place. They always talk about the big lie. They're the big lie.
> (END VIDEO CLIP)
> TAPPER: There is a reason Trump was in Arizona, to push the legislature to disenfranchise the state's voters based on all of his *deranged election lies.*

> e. On February 11, 2022, CNN published an article written by Chris Cillizza, CNN Editor-at-Large, entitled, "Here's the terrible reality: Trump's election lie is on the march" with a link entitled, "New poll suggests Trump 2020 election lie is working." In the article, Cillizza claims:

>> This is the insidiousness of Trump's big lie. It's like an earworm – you may hate the song but you just keep finding yourself humming it in the shower. Trump has created a constant low-level buzz within the American electorate that something is wrong with the way we conduct elections. That he has no proof doesn't seem to matter; by sheer repetition, his false claims are wheedling their way into the consciousness of the public.

Complaint (DE [1] ¶ 28) (footnotes omitted) (emphases in original).

Trump alleges that the use of the phrase "the Big Lie" constitutes defamation per se because it "create[s] a false and incendiary association between the Plaintiff and Hitler." *Id.* ¶ 39. He argues that the use of the phrase "the Big Lie" is defamatory because it "has incited readers and viewers to hate, contempt, distrust, ridicule, and even fear the Plaintiff causing injury to the Plaintiff, the Plaintiff's reputation, and the Plaintiff's political career." *Id.* ¶ 64. As a result, Trump claims that viewers and readers "understood that Plaintiff would be Hitler-like in any future political role." *Id.* ¶ 41.

3

Trump further alleges that CNN failed to similarly challenge Democrat politicians who complained about election integrity. *Id.* ¶¶ 31-34. He argues that CNN's disparate treatment of public figures is evidence of malice and "evidence that Defendant is not reporting the news, but rather propagating its political views." *Id.* ¶ 35. Trump seeks damages in excess of $75,000, punitive damages in the amount of $475 million, pre- and post-judgment interest, taxable costs, and trial by jury.

CNN moves to dismiss the Complaint with prejudice.

II. LEGAL STANDARDS

A. Motion to Dismiss

To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss*.*" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Authority*, 566 U.S. 449 (2012).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). But "[c]onclusory allegations, unwarranted

deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted); *see also Iqbal*, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

    B.  Defamation

The parties agree that Florida law applies to this dispute. In Florida, a defamation claim has "five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). A claim of defamation requires a false statement of fact. *Byrd v. Hustler Magazine, Inc.,* 433 So. 2d 593, 595 (Fla. 4th DCA 1983) ("A false statement of fact is the *sine qua non* for recovery in a defamation action").

Statements of pure opinion are not actionable. *Zambrano v. Devanesan,* 484 So. 2d 603, 606 (Fla. 4th DCA 1986). "The distinction between fact and opinion is not always easy to perceive." *Id.* "Thus, the law recognizes that some comments may be pure expressions of opinion whereas others may be mixed expressions of opinion." *Id*. Whether a challenged statement is one of fact or opinion is a question of law to be decided by the court. *Turner v. Wells,* 879 F.3d 1254, 1262 (11th Cir. 2018).

"When applying state defamation law to public figures, the First Amendment imposes additional limitations." *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.,* 6 F.4th 1247, 1252 (11th Cir. 2021). The statement in dispute "must be 'sufficiently factual to be susceptible of being proved true or false.'" *Id.* (quoting *Milkovich v. Lorain J. Co.,* 497 U.S. 1, 21 (1990)). Next, "the statement must be actually false." *Id.* Finally, the

5

statement must have been made with "actual malice," that is "with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* (quoting *New York Times Co. v. Sullivan,* 376 U.S. 254, 279-80 (1964)). Thus, even if the statement is made with bad or evil intent, it is not actionable under the law if it is pure opinion.[3]

III. DISCUSSION

This case involves political speech of the highest order. The First Amendment "has its fullest and most urgent application precisely to the conduct of campaigns for public office." *McCutcheon v. Fed. Election Comm'n,* 572 U.S. 185, 191-92 (2014) (quoting *Monitor Patriot Co. v. Roy,* 401 U.S. 265, 272 (1971)). As a panel of the Eleventh Circuit recently stated:

> The First Amendment reflects a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open. Accordingly, speech on public issues occupies the highest rung on the hierarchy of First Amendment values and is entitled to special protection. Speech involves matters of public concern when it can be fairly considered as relating to any matter of political, social or other concern to the community, or when it is a subject of general interest and of value and concern to the public.

---

[3] Trump asks the Court to reconsider *New York Times Co. v. Sullivan. See* Complaint (DE [1] ¶ 47, n.41). The Court is unable to do that; the case is legally binding on this Court. This Court has previously written and quoted Judge Laurence Silberman that the Sullivan case has no basis in and "no relation to the text, history or structure of the Constitution, and it baldly constitutionalized an area of law refined over centuries of common law adjudication." *Tah v. Global Witness Publishing, Inc.*, 991 F.3d 231, 251 (D.C. Cir. 2021) (Silberman, J. dissenting). But any disagreement based on textualism is effectively moot for this lower Court once the Supreme Court has spoken. And even if *Sullivan* weren't binding, the case appears to be looked upon with favor by a majority of various iterations of the Supreme Court over the case's nearly sixty-year existence with ongoing expansion of the holding. *See Curtis Publishing Co. v. Butts,* 388 U.S. 130 (1967) (extending Sullivan's applications beyond public officials to public figures)*; Gertz v. Robert Welch, Inc., 418 U.S. 323, 339 (1974) (*"We begin with the common ground. Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas."); *Counterman v. Colorado,* 143 S. Ct. 2106, 2115-16 (2023) (requiring proof that a criminal defendant—often mentally ill—subjectively understands the threatening nature of his statements).

6

*Darlow v. Babineck*, 2022 WL 15345444, at *2 (11th Cir. Oct. 27, 2022) (quotations omitted). The contested speech in this case involves reporting and commentary on Trump's challenges to the legitimacy of the 2020 presidential election.

There is no question that the statements[4] made by CNN meet the publication requirement for defamation under Florida law. The next question is whether the statements were false statements of fact. This is where Trump's defamation claims fail.

The problem is essentially two-fold. First, the complained of statements are opinion, not factually false statements, and therefore are not actionable. Second, the reasonable viewer, unlike when *Sullivan, Butts* or *Gertz* were decided, no longer takes the time to research and verify reporting that often is not, in fact, news. As an example, only one month ago, the United States Supreme Court issued a well written 237-page joint opinion with vastly divergent views in two cases known widely as the Affirmative Action decisions.[5] Within minutes of the release of the opinion, the free press had reported just what the opinion supposedly said and meant although it was clearly impossible that the reporter had read the opinion. And of course, those initial news articles were repeatedly shared, commented upon and disseminated over social media and still to this day the reasonable viewer very likely hasn't read the opinion and never will. This is the news model of today. It is far different than that in *Sullivan* which altered law that existed for 175 years and has spawned a cottage industry over the last 60. But this too is not actionable.

---

[4] Although Trump correctly argues that all the allegations of the Complaint are relevant to the "totality of the circumstances," the Complaint identifies five specific statements as defamatory. (DE [1] ¶ 28). This Order, therefore, addresses the defamatory nature of only those five statements.

[5] *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 143 S. Ct. 2141 (2023).

7

Trump argues that CNN's motivation for describing his election challenges as "the Big Lie" was to undermine Trump's political standing. But political motivation does not establish falsity. The "intention to portray [a] public figure in [a] negative light, even when motivated by ill will or evil intent, is not sufficient to show actual malice unless the publisher intended to inflict harm through knowing or reckless falsehood." *Donald J. Trump for President, Inc. v. CNN Broad., Inc.,* 500 F. Supp. 3d 1349, 1357 n.4 (N.D. Ga. 2020) (quoting *Don King Productions, Inc. v. Walt Disney Co.,* 40 So. 3d 40, 50 (Fla. 4th DCA 2010). *See also Dershowitz v. Cable News Network,* 541 F. Supp. 3d 1354, 1370 (S.D. Fla. 2021) (political motivation irrelevant to defamation claim); *cf. Harte-Hanks Communications, Inc. v. Connaughton,* 491 U.S. 657, 666-67 (1989) (profit motive behind publication does not establish actual malice).

Acknowledging that CNN acted with political enmity does not save this case; the Complaint alleges no false statements of fact. Trump complains that CNN described his election challenges as "the Big Lie." Trump argues that "the Big Lie" is a phrase attributed to Joseph Goebbels and that CNN's use of the phrase wrongly links Trump with the Hitler regime in the public eye. This is a stacking of inferences that cannot support a finding of falsehood. *See Church of Scientology of California v. Cazares,* 638 F.2d 1272, 1288 (5th Cir. 1981) *abrogated on other grounds, Blanchard v. Bergeron,* 489 U.S. 87 (1989).[6]

*Church of Scientology* is similar to the present case. There, a city official made numerous public statements opposing the church's presence in the city. In one he stated: "Scientologists are bringing to the city a helter-skelter world and philosophy." The church sued, stating that "the term 'helter-skelter' had, by reason of a best-selling book and

---

[6] Decisions of the former Fifth Circuit rendered prior to close of business on September 30, 1981, are binding on this Court. *See Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

8

television movie of the same title come into public understanding as descriptive of the policy of [a] generation of racial strife and indiscriminate mass murder allegedly espoused by the infamous and widely publicized Charles Manson." The church claimed that by using the term "helter-skelter," the defendant intended "to convey to the public that [the church] was dedicated to promotion of [a] generation of racial strife and indiscriminate mass murder." *Id.* at 1285, n.11.  The former Fifth Circuit found no defamation, stating that it was "not prepared to build inference upon inference in order to find defamatory meaning in a statement." *Id.* at 1288.  Neither is this Court able to create an inference of defamatory meaning.

Trump alleges that "the Big Lie" refers to a Nazi "propaganda campaign to justify Jewish persecution and genocide." (DE [1] ¶ 23).  Like Trump and CNN personalities Ashleigh Banfield and Paul Steinhauser (*see* (DE [1] ¶ 24), the Court finds Nazi references in the political discourse (made by whichever "side") to be odious and repugnant.  But bad rhetoric is not defamation when it does not include false statements of fact.  CNN's use of the phrase "the Big Lie" in connection with Trump's election challenges does not give rise to a plausible inference that Trump advocates the persecution and genocide of Jews or any other group of people.  No reasonable viewer could (or should) plausibly make that reference. *See Miami Herald Pub. Co. v. Ane,* 423 So.2d 376, 389 (Fla. 3rd DCA 1982) (quoting *Walsh v. Miami Herald Pub. Co.,* 80 So. 2d 669, 671 (Fla. 1955)) ("The language of the publication declared upon should not be interpreted by the extremes but should be 'construed as the common mind would ordinarily understand it.'").  And even if the phrase "the Big Lie" could somehow plausibly compel a reasonable viewer to perceive Trump as "Hitler-like," or "authoritarian", such terms are not statements of fact subject to defamation laws "because of the tremendous

9

imprecision of the meaning and usage of such terms in the realm of political debate….” *Buckley v. Littell,* 539 F.2d 882, 893 (2d Cir. 1976).[7] A connotation or implication is only actionable if it is "provably false." *Coral Ridge Ministries Media, Inc.,* 6 F.4th at 1252 (citing *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 19-20 (1990) ("a statement on matters of public concern must be provable as false before there can be liability under state defamation law, at least in situations like the present, where a media defendant is involved")). Being "Hitler-like" is not a verifiable statement of fact that would support a defamation claim. *Buckley,* 539 F.2d at 893.[8]

Trump argues that a motion to dismiss is not the proper avenue for evaluating the defamatory nature of CNN's comments. The Court disagrees. "Whether the defendant's statements constitute defamation … is a question of law for the court to determine." *Turner,* 879 F.3d at 1269 (affirming dismissal of defamation case at motion to dismiss stage) (citing *Brown v. Tallahassee Democrat, Inc.*, 440 So.2d 588, 590 (Fla. 1st DCA 1983)). "Whether the publication is defamatory becomes an issue of fact for the jury only where the publication is susceptible of two reasonable interpretations, one of which is defamatory." *Id.* CNN's statements while repugnant, were not, as a matter of law, defamatory. The case will, therefore, be dismissed with prejudice.[9] Accordingly, it is hereby

---

[7] In *Buckley,* the court held that "political labels" such as "fascist," "fellow traveler," and "radical right" were too imprecise to be proven as statements of fact. 539 F.2d at 893.

[8] Trump cites three cases where references to Hitler were deemed defamatory. *See State v. Guinn,* 347 S.W.2d 44, 46-47 (Tenn. 1961); *O'Donnell v. Philadelphia Rec. Co.,* 51 A.2d 775, 777 (Pa. 1947); *Goodrich v. Rep. Pub. Co.,* 199 S.W.2d 228, 230 (Tex. Civ. App. 1946), *writ refused.* But these cases were decided *before New York Times Co. v. Sullivan* and its progeny and, therefore, have little to no bearing on this case.

[9] A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court. *Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002).

**ORDERED AND ADJUDGED** that CNN's Motion to Dismiss (DE [20]) is **GRANTED.** Plaintiff's Complaint (DE [1]) is **DISMISSED WITH PREJUDICE.** The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of July 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF