UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

DONALD J. TRUMP,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.

    Defendant.

Case No.: 22-cv-61842-AHS

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR REHEARING OF COURT'S ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DE 31]**

    Plaintiff, DONALD J. TRUMP ("Plaintiff"), by and through undersigned counsel and pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, hereby files his Motion for Reconsideration and/or Rehearing of the Court's Order Granting Defendant's Motion to Dismiss [DE 31], and in support thereof states as follows:

**I.    Preliminary Statement**

    This action stems from Plaintiff's claims that Defendant Cable News Network, Inc. ("CNN") has sought to use its massive influence to defame Plaintiff in the minds of its viewers and readers. More specifically, Plaintiff alleges that CNN has engaged in a pattern and practice of deliberately, repeatedly and undeniably comparing Plaintiff to violent dictators, such as Adolf Hitler, and repeatedly using inflammatory language, such as "Trump's Big Lie," to knowingly make false and defamatory statements about Plaintiff. Plaintiff has alleged that CNN knew that its false and defamatory statements about Plaintiff would infringe his rights and damage his reputation, as evidenced by the fact that CNN anchors were explicitly instructed by CNN's then-

CEO to stop using the phrase "The Big Lie." CNN's knowledge of the false and defamatory nature of its statements is further demonstrated through the statements of Political Director Paul Steinhauser, who emphasized that analogizing politicians to Hitler and the Nazis was both "stupid," and "sick." *See* DE 1, ¶24.

To that end, Plaintiff filed a two count Complaint alleging the following causes of action: (a) Count I - Defamation Per Se, and (b) Count II – Defamation. By Order entered on July 28, 2023, this Court dismissed the entirety of Plaintiff's Complaint with prejudice. DE 31. In its Order, the Court determined that the claims alleged in the Complaint failed given that Plaintiff did not sufficiently allege that the statements made by CNN, despite being described as "repugnant" by this Court, were false statements of fact on the grounds that: (a) the complained of statements were not actionable because they were statements of opinion, and not factually false statements, and (b) "the reasonable viewer . . . no longer takes the time to research and verify reporting that often is not, in fact, news." *See* DE 31, p. 7.

For the reasons set forth below, Plaintiff submits that the Court's Order of Dismissal is subject to reconsideration and that the Court should: (a) permit rehearing (and oral argument, should the Court deem it necessary) on CNN's Motion to Dismiss, or alternatively (b) leave to amend should be granted to permit Plaintiff to allege a claim for defamation by implication.

**II.     Argument**

    **A.     Applicable Standard**

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment

or order)."[1] *See Region 8 Forest Srv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993); *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1257 (S.D. Fla. 2004). "Under which Rule the motion falls turns on the time at which the motion is served." *Id.* (internal quotations omitted). "If the motion is served within 10 days of the rendition of the judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* The instant motion is being filed within 10 days of the rendition of the judgment and, thus, should be adjudged pursuant to Rule 59(e).

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). There are three major grounds that justify reconsideration: (1) intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Spanish Broad. Sys., Inc. v. Clear Channel Commc'ns*, 2003 WL 21877614, at *1 (S.D. Fla. Aug. 6, 2003) (citing *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). When the party seeking reconsideration "assert[s] neither an intervening change in controlling law nor the discovery of new evidence, the Court reviews [a Motion for Reconsideration and/or Rehearing] under the 'clear error or manifest injustice' standard." *In re Baron's Stores, Inc.*, 2008 WL 11399688, at *1 (S.D. Fla. Feb. 15, 2008). "A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided." *City of Fort Lauderdale v. Scott*, 2011 WL 1085327, at *1 (S.D. Fla. Mar. 21, 2011) (citing *Reyher v. Equitable Life Assur. Soc.*, 900 F.Supp. 428, 430 (M.D. Fla. 1995)). Rather, it

---

[1] "[D]ismissal of a complaint with prejudice satisfies the requirement that there be a final judgment on the merits." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990).

"must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Reyher*, 900 F.Supp. at 430 (internal quotations omitted).

  **B.**  **The Court Should Reconsider Its Order Because the Complaint States a Claim for Defamation *Per Se* and/or For Defamation.**

In Florida, "[d]efamation has the following five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Moreover, because Plaintiff is a public figure, he must establish "actual malice" on behalf of CNN in order to maintain a defamation action. *Turner v. Wells*, 879 F.3d 1254, 1273 (11th Cir. 2018); *see also Nodar v. Galbreath*, 462 So.2d 803, 806 (Fla. 1984) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)).

    1.  *The Complained of Statements are "Mixed-Opinion" as Opposed to "Pure Opinion" and Are Therefore Actionable.*

In its Order, the Court found that the statements which form the basis of the defamation claim "are opinion, not factually false statements, and therefore are not actionable." *See* DE 31. Under Florida law, "[a] statement is 'pure opinion' only if the speaker states the facts on which he bases his opinion." *See Lipsig v. Ramlawi*, 760 So. 2d 170, 184 (Fla. 3d DCA 2000) (citing *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st DCA 1981). "Pure opinion occurs when the defendant makes a comment or opinion based on facts which are set forth in the article or which are otherwise known or available to the reader or listener as a member of the public." *See From*, 400 So. 2d at 57. In contrast, a "[m]ixed opinion is based upon facts regarding a person or his conduct that are neither stated in the publication nor assumed to exist by a party exposed to the

communication." *Dreggors v. Wausau Ins. Co.*, 995 So. 2d 547, 551 (Fla. 5th DCA 2008) (quoting *Hay v. Indep. Newspapers, Inc.*, 450 So. 2d 293, 295 (Fla. 2d DCA 1984)); *Tillett v. BJ's Wholesale Club, Inc.*, 2010 WL 11507322, *4 (M.D. Fla., July 30, 2010, Howard, J.) (in order for statements to be deemed "pure opinion" and therefore not subject to a claim for defamation, "[t]he facts upon which the opinion is based must be stated and disclosed or known to the audience to whom the publication is made....") [citations omitted]. As the Court in *Tillett* goes on to note:

> [i]n contrast to pure opinions, 'mixed' expressions of opinion are not constitutionally protected and may form the basis for a defamation action. A mixed opinion "is based on undisclosed facts that infer the plaintiff has committed an illegal act, or one that damages his or her business reputation....

*Id.* at f.n. 9.

Determining whether a statement constitutes pure opinion requires the court to "construe the statement in its totality, examining not merely a particular phrase or sentence, but all of the words used in the publication" and "consider the context in which the statement was published." *See Dreggors*, 995 So. 2d at 551 (quoting *Hay*, 450 So. 2d at 295); *see also Hoch v. Rissman, Weisberg, Barrett*, 742 So. 451, 460 (Fla. 5th DCA 1999) (stating that one looks to the totality of the statement, the context in which it was published, and the words used to determine whether the statement is pure or mixed opinion). Further, "[a]ll of the circumstances surrounding the publication must be considered, including the medium by which it was disseminated and the audience to which it was published." *See Dreggors*, 995 So. 2d at 551 (quoting *Hay*, 450 So. 2d at 295). While pure opinion is afforded protection under the First Amendment, a mixed opinion is not afforded such protections. *Id*.

Here, this Court erred in failing to consider that a mixed statement of opinion may still imply a false assertion of fact when the statement is construed in its totality. *See Dershowitz v.*

*Cable News Network, Inc.*, 541 F. Supp. 3d 1354, 1362 (S.D. Fla. 2021); *see also Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19 (1990) ("Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications."); *see also Eastern Air Lines, Inc. v. Gellert*, 438 So. 2d 923, 927 (Fla. 3d DCA 1983) ("[A] statement that although ostensibly in the form of an opinion 'implies the allegation of undisclosed defamatory facts as the basis for the opinion' is actionable.").

Assuming, *arguendo*, that the allegations in the Complaint [DE 1] indicate that CNN's statements may have been presented in the form of an opinion, the statements continued to imply the existence of undisclosed defamatory facts as the basis for the opinion. For example, the mere presentation of the Plaintiff's footage alongside discussions of Hitler and Nazi Germany, coupled with the viewers' responses, suggested that there are specific defamatory facts about the Plaintiff that were not explicitly stated but were implied by the juxtaposition and context of the report. *See* DE 1, ¶ 15-17. The "Special Report" and the viewers' comments on Twitter (which are alleged in the Complaint and are discussed in more detail below) collectively created a narrative that associated Plaintiff with Hitler, wrongfully insinuating that Plaintiff shares certain characteristics or behaviors with the notorious historical despot. *See* DE 1, ¶17. While CNN may claim that these statements were presented as opinions or commentary, the implications drawn by the viewers indicate that there might be undisclosed defamatory facts about Plaintiff that formed the basis for the opinions expressed in the report. *Id*. When a statement, even if presented as an opinion, implies the existence of defamatory facts without explicitly stating them, it can be actionable. *See Eastern Air Lines, Inc. v. Gellert*, 438 So. 2d 923, 927 (Fla. 3d DCA 1983) ("[A] statement that although

ostensibly in the form of an opinion 'implies the allegation of undisclosed defamatory facts as the basis for the opinion' is actionable.").

By way of example, in *Lipsig*, the Florida Third District Court of Appeals found that the statement that the appellee "mismanaged" the partnership was not pure opinion and was actionable as it implied that undisclosed facts existed. *Lipsig*, 760 So. 2d at 185. The same reasoning applies here to CNN's highly offensive, damaging statements about Plaintiff being comparable to, or a functional equivalent of, Adolf Hitler. *See Arison Shipping Company v. Smith*, 311 So.2d 739, 741 (Fla. 3rd DCA 1975) ("Ample evidence was presented at the trial to indicate that the communications were not made in good faith and that they were made to lower echelon employees having no corresponding interest in them, that they were not warranted, not made upon a proper occasion and that they were made for the express purpose of injuring the plaintiff Smith").

Importantly, under Florida law, a speaker cannot invoke a "pure opinion" defense, if the facts underlying the opinion are false or inaccurately presented. *See Zambrano v. Devanesan*, 484 So.2d 603, 606 (Fla. 4th DCA 1986) (stating that the pertinent question is "whether the speaker accurately presented the underlying facts of the situation before making the allegedly defamatory remarks."); *see also Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18–19 (1990) (holding that even if the speaker states the facts upon which he bases his opinion, the statement may still imply false assertions of fact if those facts are incorrect, incomplete or the speaker's assessment of the facts is erroneous). The statements referenced in the Complaint lend no support for a determination that CNN "accurately presented the underlying facts of the situation before making the allegedly defamatory remarks," thereby belying CNN's contention that its statements were pure opinion. Moreover, based solely upon the allegations of the Complaint, the Court is not presented with the ability to consider "all of the circumstances surrounding the publication" as is required by Florida

law. Accordingly, Plaintiff requests that this Court reconsider its determination that the complained of statements were not actionable.

> 2. The Trial Court's Analysis of What The Reasonable Viewer May Do Was Fact-Specific and Premature.

"[I]f an allegedly defamatory publication is reasonably susceptible of two meanings, one of which is defamatory and one of which is not, it is for the trier of fact to determine the meaning understood by the average reader. *Rubin v. U.S. News & World Rep., Inc.*, 271 F.3d 1305, 1306 (11th Cir. 2001) (citing *Ford v. Rowland*, 562 So.2d 731, 734 (Fla. 5th DCA 1990)). "Where a statement is subject to two possible interpretations and one is defamatory, **it is for the jury to decide whether the statement is in fact defamatory**." *Johnston v. Borders*, 36 F.4th 1254, 1275 (11th Cir. 2022) (citing *Hallmark Builders, Inc. v. Gaylord Broad. Co.*, 733 F.2d 1461, 1463 (11th Cir. 1984)) [emphasis supplied].

Here, this Court found that no reasonable viewer could (or should) plausibly connect CNN's use of the phrase "the Big Lie" in relation to Plaintiff's election challenge to a plausible inference that Plaintiff advocates the persecution and genocide of Jews or any other group of people. *See* DE 31, p. 9. Namely, the Court found as follows:

> CNN's use of the phrase 'the Big Lie' in connection with Trump's election challenges does not give rise to plausible inference that Trump advocates the persecution and genocide of Jews or any other group of people. No reasonable viewer could (or should) plausibly make that reference.

*See* Order [DE 31], p. 9.

In support, the Court relies on *Miami Herald Pub. Co. v. Ane*, 423 So. 2d 376, 389 (Fla. 3d DCA 1982), which states that "[t]he language of the publication declared upon should not be interpreted by extremes, but should be construed as the common mind would normally understand

it." The decision in *Miami Herald Pub. Co.*, however, involved an appeal of a final judgment entered in favor of the plaintiff after a jury verdict. *Id.* at 382.[2] Distinguishable from the *Miami Herald Pub. Co.* decision is that this Court's determination was made in response to a motion to dismiss, which Plaintiff submits was a factual determination made prematurely as to whether a reasonable viewer "could have interpreted [CNN's] statements" to implicate a defamatory meaning. *Id.* Florida law makes clear that it is for the trier of fact to determine whether a defamatory publication is susceptible to a defamatory meaning. Such a susceptibility to a defamatory interpretation is laid bare in Plaintiff's Complaint, which clearly alleges that on January 9, 2022, CNN aired a "Special Report" where the ascendancy of Hitler is discussed, and CNN intersperses discussions of Hitler and Nazi Germany with footage of Plaintiff. *See* DE 1, ¶ 16. The effect on viewers is apparent given the viewer's responses to the "Special Report" as evidenced by the comments made by the viewers on the media platform, Twitter. *See* DE 1, ¶ 17. Namely, the following comments were made by viewers on Twitter:

- "Excellent and chilling. The parallels with the rise of Hitler are obvious and undeniable right down to the lies and conspiracy theories;"

- "Fareed Zakaria lays out the ways in which this threat is real and parallels historical threats;"

- "The similarity between Hitler in 1930s Germany and Trump in 2016 are notorious. And the way you made the segment by on and off alternate images of both. Even if not apparent before, you made it now."

*Id.*

---

[2] Further, in that case, the Court actually determined that the statements made concerning the plaintiff were susceptible to a defamatory meaning. *Id.* at 389.

Although this Court ruled that a reasonable viewer would not reasonably interpret CNN's statements as defamatory, viewers are indeed making such interpretations as evidenced by the numerous allegations in the Complaint, which provide examples of such interpretations. Accordingly, Plaintiff submits the Court's ruling that the complained-of statements were not defamatory was made prematurely, as it did not consider the potential for defamatory interpretations of those statements by an average person and overlooked the already occurring defamatory interpretations. Thus, this determination should have been left for the jury to decide.

> 3. *Plaintiff Has Plead Sufficient Facts to Show A Plausible Inference of Actual Malice.*

At the Motion to Dismiss stage, a public figure need only "plead facts sufficient to give rise to **a plausible inference of actual malice**." *See Dershowitz*, 541 F. Supp. 3d at 1362 (citing *Michel v. NY Post Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016)) [emphasis added]. "There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication," *Lovingood v. Discovery Commc'ns, Inc.*, 800 F. App'x 840, 850 (11th Cir. 2020) (quoting *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)), or that he acted with a "high degree of awareness of ... probable falsity." *Lovingood*, 800 F. App'x at 850 (quoting *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964)).

Here, the Complaint clearly alleges facts sufficient to infer actual malice. Namely, to highlight a few of the many examples, Plaintiff alleges that "[w]hen labels like 'racist,' 'Russian lackey,' and 'insurrectionist' did not have the desired effect to undermine the Plaintiff's candidacy…CNN upped the stakes to conjure associations between the Plaintiff and arguably the most heinous figure in modern history [*i.e.* Hitler]." *See* DE 1, ¶15(c). In addition, Plaintiff alleges that "CNN made false and defamatory statements about the Plaintiff…as evidenced by the

comments of a CNN employee, who admitted that CNN's coverage and negative characterizations of the Plaintiff were *intended* to convince viewers to vote him out of political office." *Id.* Further, Plaintiff alleges that "CNN knew that its false and defamatory statements about the Plaintiff would infringe his rights and damage his reputation, as evidenced by the fact that CNN anchors were explicitly instructed by CNN's CEO to stop using the phrase 'The Big Lie.'" *Id.*

Accordingly, as evidenced by the non-exhaustive list of allegations provided above, it is manifest that Plaintiff did adequately allege a plausible inference of actual malice in the Complaint.

### C. Alternatively, the Court Should Reconsider Its Order And Grant Plaintiff Leave to Amend The Complaint.

In the event that the Court is not inclined to reconsider its decision to dismiss Counts I and II of the Complaint, Plaintiff, in alternative, respectfully requests that the Court reconsider its decision to dismiss the Complaint with prejudice and grant Plaintiff leave to amend his Complaint. "[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed.R.Civ.P.15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *See Thomas*, 847 F.2d at 773. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Id.*

Here, although the Court found that Plaintiff's defamation per se and defamation claims failed because the statements made by CNN were not "false statements of fact," such a determination does not mean that the statements made cannot form the basis of a distinct defamation by implication, which is an intentional tort that is well recognized in Florida. *See Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1108 (Fla. 2008). A defamation by implication claim has been described as "[s]imply put, if the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or creates a defamatory implication by omitting facts, he

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

may be held responsible for the defamatory implication, unless it qualifies as an opinion, even though the particular facts are correct." *Id.* (internal quotations omitted). Thus, even a technically true statement can be defamatory where, by its context or the omission of other facts, it creates a false impression. *Id.* ("[d]efamation by implication is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements").

In this case, even if any statements made were not, as the Court held, "false statements of fact," (DE 31, p. 7) these statements are still actionable under a claim for defamation by implication. The statements made by CNN and its journalists about the "Big Lie" and the attempted comparisons made by them between Plaintiff and Adolf Hitler (or other political rogues) would clearly imply a false, defamatory, "odious" and "repugnant" (DE 31, p. 10) connection between Plaintiff and these individuals, which supports a claim of defamation by implication. In dismissing the action with prejudice, Plaintiff is currently barred from alleging an otherwise viable claim.[3]

The recent decision in *Block v. Matesic* is instructive. 2023 WL 3816693, at *1 (S.D. Fla. June 5, 2023). In *Block*, the plaintiff's allegation arose from an allegedly defamatory letter that the defendants emailed to their condo association. *Id.* The relevant portion of that letter stated:

> Recently Tower One's members were subjected to at least two email blasts from a disgruntled owner disparaging the Association, its directors, the construction project, and its associated professionals with incorrect statements and facts. These unsolicited emails [sic] blasts to owners visibly listed each member's email address causing serious privacy and security concerns for everyone. Neither the Association nor its management was the source of our owners' email addresses and the method of obtainment by the owner remains unknown. The Association and management staff take your privacy and security seriously. We advise all members to check and consider

---

[3] Plaintiff is now represented by new lead counsel who did not file the initial Complaint and was not involved in the briefing on the Motion to Dismiss. As new counsel, undersigned counsel requests the opportunity to allege a claim for defamation by implication.

updating their computer's security and privacy settings. *Id.*

The plaintiff alleged claims of defamation *per se*, defamation by implication, and conspiracy to defame. *Id.* The Court denied the defendant's motion to dismiss in its entirety and, in doing so, stated that "it's not [the Court's] job, at the pleading stage, to separate truth from fiction." *Id.* at *7. The Court made clear that it was "[its] job only to determine, from the face of the [complaint], whether the plaintiff . . . pled a viable claim." *Id.*

In denying the motion to dismiss the defamation by implication claim, the Court stated as follows:

> The [p]laintiff has alleged three facts about the letter—which, together, 'imply a defamatory connection between them[.]' . . . *First*, the letter claimed that '[t]hese unsolicited emails [sic] blasts to owners visibly listed each member's email address causing serious privacy and security concerns for everyone.' *Second*, the letter noted that '[n]either the Association nor its management was the source of our owners' email addresses and the method of obtainment by the owner remains unknown.' *Third*, the letter 'advise[d] all members to check and consider updating their computer's security and privacy settings.' As we said at our First MTD Hearing, 'by juxtaposing [these three statements], a reasonable juror could find that the defendants had implied that the plaintiff had obtained their emails by some wrongful means and that it had caused security concerns.' ***That's plainly sufficient to state a viable claim of defamation by implication at this preliminary stage of the case.***
>
> Trying to parry, the [d]efendants insist that the '[p]laintiff does not allege that the Letter contained truthful statements, that were conveyed in such a way as to create a false impression.' *Corsi*, the Defendants say, therefore suggests that we should dismiss the claim. We disagree. In *Corsi*, the defendants moved to dismiss the defamation-by-implication claim because 'the Complaint does not allege how Fairbanks' words were true but gave a false impression[.]' The plaintiff in that case, though, bizarrely *failed* to "respond in opposition to the Newsmax [d]efendants' argument, let alone address or mention his defamation by implication counts.' The defendants, in other words, won this point by default. The court (it's

true) went on to say that, on the merits, the complaint 'pleads only that Fairbanks' accusations were false, not that they were true and gave a false impression[.]' But that's simply not our case. Our [p]laintiff, as we've seen, *has* alleged that the '[d]efendants' published statements concerning [p]laintiff *created false suggestions, impressions and/or implications* about him,'; that the "[d]efendants' published statements concerning Plaintiff *juxtaposed a series of facts that implied a defamatory connection* between them,"; and that the "[d]efendants further *created a defamatory implication* by omitting certain facts,"

Finally, the [d]efendants ask us to dismiss the [p]laintiff's defamation-by-implication claim because the 'SAC is premised on his allegations that the Letter was 'laced with falsities' and drafted 'without any regard for whether its contents were true (they were not).'' But 'pleading in the alternative is permissible in federal court.' . . . At some point, the [p]laintiff will have to decide whether the letter's statements were true or false—but not today.

We therefore **DENY** the [d]efendants' MTD as it relates to the defamation-by-implication claim.

*Id.* at *4–5 (S.D. Fla. June 5, 2023); *see also Rubin*, 271 F.3d at 1306 ("if an allegedly defamatory publication is reasonably susceptible of two meanings, one of which is defamatory and one of which is not, it is for the trier of fact to determine the meaning understood by the average reader"); *Johnston*, 36 F.4th at 1275 ("Where a statement is subject to two possible interpretations and one is defamatory, it is for the jury to decide whether the statement is in fact defamatory"); *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d at 1318 ("when a publication is susceptible of two reasonable interpretations, one of which is defamatory . . . the issue become[s] one of fact for the jury").

### III. Conclusion

**WHEREFORE**, Plaintiff PRESIDENT DONALD J. TRUMP, respectfully requests that the Court reconsider its decision on, or rehear arguments relating to, Defendant's Motion to Dismiss. In the alternative, if the Court were to deny reconsideration or rehearing of its dismissal

of Plaintiff's Complaint, Plaintiff respectfully requests that he be permitted to amend the Complaint to bring a claim for defamation by implication.

Dated: August 7, 2023

Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiff*
2121 Ponce de Leon Boulevard
Suite 650
Miami, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

By: /s/ *Alejandro Brito*
    **ALEJANDRO BRITO**
    Florida Bar No. 098442
    abrito@britopllc.com
    apiriou@britopllc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 7, 2023 the foregoing was served via the Court's CM/ECF System upon:

| | |
|---|---|
| LINDSEY HALLIGAN, P.A.<br>Lindsey Halligan, Esq.<br>511 SE 5th Avenue<br>Fort Lauderdale, FL 33301<br>lindseyhalligan@outlook.com<br><br>*Counsel for Plaintiff* | GUNSTER, YOAKLEY & STEWART, P.A.<br>George S. LeMieux, Esq.<br>Eric C. Edison, Esq.<br>450 East Las Olas Boulevard<br>Suite 1400<br>Fort Lauderdale, Florida 33301<br>glemieux@gunster.com<br>eedison@gunster.com<br>mzayas@gunster.com<br>dpeterson@gunster.com<br>eservice@gunster.com<br><br>*Counsel for Defendant* |

By: /s/ *Alejandro Brito*