IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 0:22-CV-61842-AHS**

DONALD J. TRUMP,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendant.

_____/

### DEFENDANT CABLE NEWS NETWORK, INC.'S
### RESPONSE OPPOSING MOTION FOR RECONSIDERATION AND/OR REHEARING

Defendant Cable News Network, Inc. ("*CNN*") hereby opposes Former President Donald J. Trump's ("*Trump*") Motion for Reconsideration and/or Rehearing of this Court's Order dismissing the Complaint with prejudice and closing this case, and states as follows:

### INTRODUCTION

Trump's challenge to the Court's dismissal Order does not identify any error by the Court. The Motion instead repeats arguments this Court already rejected in its Order, while ignoring or mischaracterizing core rulings of the Court. The Motion should be denied.

The Court's dismissal Order is eminently sound, well-reasoned and correct. This Court confirmed fundamental principles protecting political commentary, recognizing this "case involves political speech of the highest order" and the First Amendment has "its fullest and most urgent application precisely to the conduct of campaigns for public office." [D.E. 31 at 6 (quotations omitted).] And, the Court was correct in its core ruling that CNN's use of "Big Lie" or any resulting implication that Trump is "Hitler-like" did not convey "a verifiable statement of fact [about Trump] that would support a defamation claim." [*Id*. at 10.]

Trump does not openly confront this ruling, and that should end the matter. Even so, Trump also fails to identify any "manifest" error in other aspects of the Court's ruling. The Motion does not claim that the Court relied on overturned or questionable decisions, that it did not apply controlling law, or that it made a material mistake in fact. Instead, Trump invites error where there is none by rearguing points already raised, and asking for leave to amend the Complaint to add a defamation-by-implication claim where that request is both too late and futile.

This Court's ruling protecting CNN's right to comment on unfounded claims of election fraud by the former President of the United States is correct, and essential for maintaining a functioning democracy where "debate on public issue [is] uninhibited, robust, and wide-open." [D.E. 31 at 6 (quotations omitted).] Trump's effort to vacate that ruling should be denied.

## BACKGROUND

Trump filed suit against CNN asserting claims for defamation and defamation *per se* based on CNN using the phrase "Big Lie" to refer to his unsubstantiated and disproven claims that the 2020 Presidential Election was stolen. [D.E. 1 at ¶¶ 26-29.] According to Trump, "Big Lie" was false because the term conveyed Trump would be "Hitler-like in any future political role." [*Id.* ¶¶ 26-29, 39-41.] The Complaint cited five instances of such alleged defamation. [*Id.* at ¶ 28.] Trump contended CNN published the statements at issue with actual malice, principally citing CNN's supposed political animus toward Trump and its "disparate treatment" of Trump from other public figures. [*Id.* at ¶¶ 30-36.]

CNN moved to dismiss the Complaint for failure to state a claim on November 22, 2022. [D.E. 20.] Briefing on CNN's motion concluded on January 18, 2023. [D.E. 22.] Trump did not request leave to amend his Complaint during this time (i.e., before dismissal). [D.E. 31 at 10 n.9.]

2

On July 28, 2023, the Court dismissed the Complaint and closed the case. [D.E. 31.] In so doing, the Court provided multiple reasons why Trump's claims failed, including: (1) the statements were "opinion, not factually false statements"; (2) the statements did not reasonably convey the defamatory imports urged by Trump;[1] and (3) even if they did, any "connotation or implication" conveyed by CNN's use of "Big Lie" of Trump "[b]eing Hitler-like is not a verifiable statement of fact that would support a defamation claim." [*Id.* at 6-10.] The Court also reiterated the principle that "political motivation does not establish falsity," much less the knowing or reckless falsity required to demonstrate actual malice. [*Id.* at 8.]

Ten days after the Court closed the case, Trump filed his Motion under Fed. R. Civ. P. 59. [D.E. 32 (the "Post-Dismissal Motion").] The Post-Dismissal Motion claims: (1) certain (unidentified) statements by CNN were "mixed opinion" as opposed to "pure opinion" [*id.* at 4-8]; (2) defamatory meaning cannot be resolved on a motion to dismiss [*id.* at 8-10]; and (3) Trump plausibly pleaded actual malice by citing CNN's alleged political motives [*id.* at 10-11]. Also, for the first time in this case, Trump requests leave to amend under Fed. R. Civ. P. 15. [*Id.* at 11-14.]

---

[1] The Court concluded that the Complaint engaged in a prohibited "stacking of inferences" in order to connect what was said (i.e., CNN's use of "Big Lie") with the alleged defamatory meaning ("that CNN's use of the phrase wrongly links with the Hitler regime in the public eye"). [*Id.* at 8-9 (citing *Church of Scientology of Cal. v. Cazares*, 638 F.2d 1272, 1285-88 (5th Cir. 1981), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).]

## ARGUMENT

### A. The Post-Dismissal Motion Does Not Meet The Legal Standards Of Rule 59.

#### 1. Legal Standard For Reconsideration Under Fed. R. Civ. P. 59(e).

Trump's Post-Dismissal Motion seeks relief under Fed. R. Civ. P. 59(e), "Motion to Alter or Amend a Judgment." [D.E. 32 at 3.] This Court, however, has previously and consistently held that, "[r]econsideration is an extraordinary remedy to be employed sparingly." *D'Amico v Scola*, 2023 WL 2318185, at *1 (S.D. Fla. Feb. 1, 2023) (Singhal, J.) (quotations omitted); *see also Krstic v. Princess Cruise Lines, Ltd*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (noting it is "well-settled that 'motions for reconsideration are disfavored'"). "The only grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e) 'are newly-discovered evidence or manifest errors of law or fact.'" *United States v. Dean*, 838 F. App'x 470, 471-72 (11th Cir. 2020). "A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief." *Id*. at 472. In short, "[w]hen a litigant simply thinks a district court's ruling is wrong, the proper remedy is to appeal the ruling, not to seek reconsideration." *Nuwer v. FCA US LLC*, 2023 WL 4370737, at *1 (S.D. Fla. Apr. 5, 2023) (Singhal, J.) (quotations omitted).[2] There is nothing argued or presented in the Post-Dismissal Motion that suggests that the Court should deviate from its prior rulings or longstanding law.

---

[2] "[C]lear error or manifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[.]" *Great Lakes Ins. SE v. Boat Rental Miami, Inc.*, 2020 WL 264674, at *6 (S.D. Fla. Jan 17, 2020) (quotations omitted).

4

## 2. The Post-Dismissal Motion Should Be Denied Because It Fails To Address The Court's Core Holding: Being "Hitler-Like" Is Not A Verifiable Statement Of Fact.

While Trump's Post-Dismissal Motion continually suggests CNN accused Trump of being "Hitler-like" as a matter of fact, it does not confront the Court's core holding: an accusation – whether express or implied – that Trump is "Hitler-like" is not verifiably false and is thus not actionable. [D.E. 31 at 9-10.] As Trump does not address this dispositive determination, much less identify the manifest error required by Fed. R. Civ. P. 59, reconsideration should be denied.

The Court explained in its Order no fewer than five (5) times that "the Complaint alleges no false statements of fact"; and this included any alleged implication that Trump is "Hitler-like":

> And even if the phrase "the Big Lie" could somehow plausibly compel a reasonable viewer to perceive Trump as "Hitler-like," or "authoritarian", such terms are not statements of fact subject to defamation laws "because of the tremendous imprecision of the meaning and usage of such terms in the realm of political debate…." A connotation or implication is only actionable if it is "provably false." Being "Hitler-like" is not a verifiable fact that would support a defamation claim.

[D.E. 31 at 9-10 (footnotes and internal citations omitted) (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19-20 (1990); *Coral Ridge Ministries Media, Inc. v. Amazon, Inc.*, 6 F.4th 1247, 1252 (11th Cir. 2021); *Buckley v. Littell*, 539 F.2d 882, 893 (2d Cir. 1976)).][3]

Trump had no answer to CNN's argument on this issue in response to CNN's Motion to Dismiss, and his Post-Dismissal Motion offers none either. [*See* D.E. 20 at 10-11 (arguing "Hitler-like" is incapable of verification); D.E. 21 at 15 (responding only that "'connotations' and 'implications' can be . . . assessed for their veracity," but not identifying how "Hitler-like" connotations are verifiable).] Indeed, *Milkovich*, *Coral Ridge* and *Buckley* all remain either

---

[3] [*See also* D.E. 31 at 7-10 ("[T]he complained of statements are . . . not factually false statements . . . . [T]he Complaint alleges no false statements of fact. . . . [B]ad rhetoric is not defamation when it does not include false statements of fact. . . . 'Hitler-like' or 'authoritarian' . . . are not statements of fact . . . . Being 'Hitler-like' is not a verifiable statement of fact . . . .").]

5

controlling or valid persuasive decisions which the Court was correct to consider, and Trump cannot claim otherwise. *See also Clowdus v. American Airlines, Inc.*, 2023 WL 5011731, at *3 (11th Cir. Aug. 7, 2023) (*per curiam*) (reiterating that "statements that are not readily capable of being proven false . . . are protected from defamation actions by the First Amendment"). In sum, a former President of the United States (and current Presidential candidate) simply cannot maintain a suit in defamation for being compared to historical despots, as such comparisons are not ***verifiable*** and are not subject to conclusive proof or disproof. [D.E. 31 at 9-10.] Thus, notwithstanding Trump's other arguments, the Motion's inability to contest the dispositive ruling of no "verifiable statement of fact" warrants denying the Post-Dismissal Motion.

   **3. There Is No Manifest Error; Instead, Trump Merely Reargues Selected Arguments From His Response To CNN's Motion to Dismiss.**

As to what Trump does argue, the Motion does not identify any manifest error in the Court's Order. The Post-Dismissal Motion does not claim the Court relied on an overturned case, obsolete law or made a mistake in fact. Nor does the Post-Dismissal Motion identify any new evidence, any new controlling ruling or other external issue rendering the Order manifestly wrong.

Instead, Trump merely reargues three issues that were amply addressed in the dismissal briefing: (1) whether CNN's use of "Big Lie" was "pure opinion"; (2) whether the Court can decide "Big Lie" is not defamatory on a motion to dismiss; and, briefly, (3) whether the Complaint adequately alleged actual malice. All three of these issues were argued at length in the briefing. [D.E. 20 at 8-20; D.E. 21 at 3-5 (actual malice), 12-13 (mixed opinion), 16-19 (susceptibility to defamatory meaning); D.E. 22 at 2-8.] None of these arguments warrants revisiting post-dismissal or justifies disturbing the Court's Order of dismissal. Instead, Trump is merely arguing with the Court's reasoning in applying settled law, which is not a valid ground for reconsideration. *See BFMM Company, LLC v. United States*, 2022 WL 1642300, at *1 (S.D. Fla. May 16, 2022)

6

(Singhal, J.) ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through – rightly or wrongly." (cleaned up)).

### i. The Statements Are Protected Opinion.

First, Trump misleadingly claims "this Court erred in failing to consider that a mixed statement of opinion may still imply a false assertion of fact when the statement is construed in its totality." [D.E. 32 at 4-8.] Not so.[4] While not using the terms "pure" or "mixed opinion," the Court essentially ruled that "Big Lie" was "pure" opinion because any suggestion that Trump is "Hitler-like"—even if conveyed implicitly—is not a "verifiable false statement of fact . . . ." [D.E. 31 at 7, 9-10.] The Court's finding that "Big Lie" does not convey undisclosed, false defamatory facts about Trump is well-grounded in Florida and federal law. *See, e.g.*, Turner v. Wells, 879 F.3d 1254, 1262-63 (11th Cir. 2018).[5] Moreover, mere speculation that "there *might be* undisclosed defamatory facts about Plaintiff that formed the basis for the opinions expressed in the report" [D.E. 32 at 5-7 (emphasis added)] does not show manifest error here.

Further, Trump's main argument that the Court should have considered whether the January 2022 "Special Report" is "mixed opinion" is misplaced if not barred.[6] Trump clearly knew

---

[4] The pure-versus-mixed opinion distinction was briefed by the parties and acknowledged by the Court in its Order. [D.E. 20 at 13-14; D.E. 21 at 12-13; D.E. 22 at 7-8; D.E. 31 at 5.]

[5] As this Court correctly reiterated, "[A] statement on matters of public concern must be provable as false before there can be liability under state defamation law . . . ." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19-20 (1990). [D.E. 31 at 5, 9-10.] The defamatory imports of which Trump complains, however—i.e., purportedly describing him, his conduct, and his character as "Hitler-like" or "authoritarian"—are simply not matters reasonably susceptible of being proven true or false. [*Id.* at 9-10.] *See Ollman v. Evans*, 750 F.2d 970, 987-88 (D.C. Cir. 1984) (holding that a charge of being "'an outspoken proponent of political Marxism[]' . . . is obviously unverifiable"); *Buckley v. Littell*, 539 F.2d 882, 894-95 (2d Cir. 1976) ("[T]he terms 'fellow traveler,' 'fascism' and 'radical right' . . . are concepts whose content is so debatable, loose and varying, that they are insusceptible to proof of truth or falsity.").

[6] [D.E. 32 at 5-7 (claiming the "Special Report" and viewer's comments on Twitter implied defamatory facts about Trump); *see also* D.E. 32 at 8-10 (claiming reader response to the Special Report as proof of CNN's statements' "susceptibility to a defamatory interpretation").]

7

of the Special Report when filing the Complaint,[7] yet did not contend the Special Report was separately actionable, as the Special Report is *not* among the five (5) publications that Trump put at issue in the Complaint or in the dismissal briefing. [*Compare* D.E. 1 at ¶¶ 16-17, 21 *with* D.E. 1 at ¶ 28; *see also* D.E. 31 at 7 n.4 (concluding that although the Complaint should be construed as a whole, only "five specific statements" were identified as defamatory).] A Rule 59 motion, however, may not "include[] new arguments that were 'previously available, but not pressed.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)*; see Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) ("[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). Moreover, the Special Report cannot serve as the basis for Trump's defamation claims at all, as Trump was required to give CNN pre-suit notice under Florida law that the Special Report was at issue as a condition precedent for filing suit based on that Report, and yet the Report was not identified at all in Trump's July 2022 Notice Letter.[8] *See* Fla. Stat. § 770.01; *Rendón v. Bloomberg, L.P.*, 403 F. Supp. 3d 1269, 1273-1276 (S.D. Fla. 2019) (granting dismissal where plaintiff's retraction demand failed to give media defendant sufficient notice of statements subject to future lawsuit). Additionally, Trump does not identify any supposedly

---

[7] Trump also briefly discussed the Special Report in the dismissal briefing in a generalized attempt to show that "CNN viewers have, after viewing CNN programming, come to associate the Plaintiff with fascist figures such as Hitler and Nazis." [D.E. 21 at 10-11.] But as already explained above, it does not matter whether readers of CNN's publications draw the conclusion that Trump is "Hitler-like" or "authoritarian," because such connotations are simply not actionable. [D.E. 31 at 9-10.].

[8] [D.E. 8 (attaching "Notice of Intent to Bring Civil Action for Defamation" ("Notice Letter") sent to CNN by Trump's counsel in July 2022).] The Notice Letter invoked Florida Statute § 770.01 in serving "formal notice of the false statements about" Trump, and listed thirty-seven (37) articles under "Defamatory Publications and Evidence of Malicious Intent," with dates ranging from November 2020 through June 2022. [D.E. 8-1 at 10-25.] The Special Report is not listed.

undisclosed defamatory facts conveyed by this publication, and the Court has already rejected his contention that "Hitler-like" connotations are actionable. [D.E. 31 at 9-10.]

    *ii. The Court was correct to determine defamatory meaning on a motion to dismiss.*

Second, Trump again argues that the Court cannot determine defamatory meaning on a motion to dismiss. [*Compare* D.E. 32 at 8-10 *with* D.E. 21 at 18-20.] This broader point is obviously incorrect, as it is well-established that this Court can decide defamatory meaning as a matter of law at the Rule 12(b)(6) stage. [D.E. 31 at 10 (citing *Turner*, 879 F.3d at 1269); D.E. 20 at 8-9; D.E. 22 at 6-7.]. The existence of a defamatory meaning becomes an issue of fact "only where the publication is susceptible of two reasonable interpretations, one of which is defamatory." [D.E. 31 at 10 (quotations omitted) (quoting *Turner*, 879 F.3d at 1269).] Because the Court determined that the publications at issue were not susceptible to an actionable, defamatory meaning as a matter of law, the issue was rightly resolved at the pleadings stage. *See Rubin v. U.S. News & World Report*, 271 F.3d 1305, 1308 (11th Cir. 2001).

Trump is also incorrect in arguing that the Court erred by finding "Big Lie" was not defamatory, contending viewer responses to the Special Report suggest viewers were convinced that Trump shared qualities with Hitler. [D.E. 32 at 8-10.] For one, as discussed above, the Special Report is not at issue. Even if it were, Trump's argument disregards the Court's express determination that accusing someone of being "Hitler-like" is protected, unverifiable speech regardless of whether reasonable readers could or could not draw those conclusions. [D.E. 31 at 9-10.][9] Finally, even if such connotations were actionable, the Post-Dismissal Motion does not offer

---

[9] Trump's reliance on social media responses to the Special Report is also misplaced because: a.) courts "are required to analyze defamation claims through the objective lens of the average reasonable reader, not the subjective interpretations of actual readers," *Beres v. Daily Journal Corp.*, 2022 WL 805733, at * 4 (S.D. Fla., Mar. 8, 2022), *vacated on other grounds*, 2023 WL 2025592 (11th Cir. Feb, 13, 2023); and b.) the Special Report is not even at issue and thus reader response to that show is irrelevant. [*Compare* D.E. 31 at 7-10 *with* D.E. 32 at 9.]

any reason to question the Court's reliance on *Church of Scientology v. Cazares*, 638 F.2d 1272, 1288 (5th Cir. Mar. 1981) in ruling that Trump cannot rely on a "stacking of inferences" to establish defamatory meaning (or falsity) as to any of the five (5) publications actually at issue. [D.E. 31 at 8-9.]

>   *iii. Trump's arguments concerning actual malice merely repeat prior arguments.*

Finally, Trump's Post-Dismissal Motion claims actual malice was adequately alleged due to CNN's supposed political motive to damage Trump politically. [*Compare* D.E. 32 at 10-11 *with* D.E. 21 at 3-5.] The Court rejected this exact argument [D.E. 31 at 8], and the Post-Dismissal Motion cites no reason, case or doctrine as to why that ruling was mistaken. As Trump's argument merely revisits prior arguments, CNN relies on its dismissal briefing to explain why the Complaint has not plausibly alleged that CNN published any statement with actual malice. [D.E. 20 at 14-18 and D.E. 22 at 2-5.]

**B.  The Request For Leave To Amend Under Rule 15 Is Meritless.**

In the alternative, Trump seeks leave to amend his Complaint under Fed. R. Civ. P. 15(a), suggesting that "unless there is a substantial reason to deny" leave to amend, the Court cannot "permit denial." [D.E. 32 at 11-14.] The request is procedurally improper, deficient and futile.

>   **1.  Rule 15 Is Inapplicable Unless Trump First Identifies A Manifest Error.**

A request to amend a pleading after a court dismisses an action with prejudice and closes the case is not governed by Rule 15(a). Instead, Trump must first succeed under Rule 59. *See Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 n.6 & n.9 (11th Cir. 1984) (Rule 15's liberal pleading standard does not apply where "the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action"; "Rule 59(e) or 60(b) would apply . . . once the action is

10

dismissed"); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered."); *U.S. ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1361 n.22 (11th Cir. 2006) ("[Rule 15(a)] has no application once the district court has dismissed the complaint and entered final judgment for the defendant.... Post-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6).").

Trump's request for leave to amend is therefore procedurally improper as Rule 15 does not apply at this stage of the case. *Czeremcha*, 724 F.2d at 1556 n.9. Trump cannot, having unsuccessfully tested one theory in his Complaint, now seek to plead around the reasons for dismissal, as the Eleventh Circuit does not "countenance 'the old sporting theory of justice' or the use of the federal courts as a forum for testing alternate legal theories *seriatim*." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1042 (11th Cir. 2006). Instead, as discussed above, the Court cannot grant leave to amend unless it first grants relief under Rule 59. *Czeremcha*, 724 F.2d at 1556 n.6 & n.9 (Rule 59(e) or 60(b) govern any request to amend "once the action is dismissed."). In sum, because Trump only seeks amendment under Rule 15 *if* his other Rule 59 arguments fail, the request for leave to amend is procedurally improper and cannot be granted.[10]

### 2. The Proposed Amendment Is Deficient And Futile.

Even if Rule 15 applied here (and it does not), a plaintiff must attach the proposed amendment or explain its substance, *Atkins*, 470 F.3d at 1361-62, and leave to amend need not be

---

[10] For all the same reasons, the case cited in Trump's Notice of Supplemental Filing from August 11, 2023 is inapposite. [*See* D.E. 34.] The Florida state trial court's order in *Zachary Young & Nemex Enters., Inc. v. CNN, Inc.* involved the **pre-trial** amendment of a complaint—not, as here, a request for leave to amend **after dismissal with prejudice**.

11

given "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1161 (11th Cir. 1999); *Marino v. Broward Sheriff's Office*, 2021 WL 10384112, at * 2 (S.D. Fla., Mar. 24, 2021) (Singhal, J.) ("[a] district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings"); *see also Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). As such, leave to amend will be denied "if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

Under these standards, Trump's request for leave is materially deficient. First, Trump has not made a sufficient showing of what the amendment would actually entail. Trump has not attached the proposed amended Complaint or described the "substance" of the proposed amendment other than it would add defamation-by-implication claim under Florida law. *See Long v. Satz*, 181 F.3d 1275, 1279-80 (11th Cir. 1999) (motion for leave to amend must set forth the substance of the proposed amendment or attach a copy of same). The only description of Trump's supposedly "new" defamation-by-implication claim is:

> In this case, even if any statements were not, as the Court held, "false statements of fact," (DE 31, p. 7) these statements are still actionable under a claim for defamation by implication. The statements made by CNN and its journalists about the "Big Lie" and the attempted comparisons made by them between Plaintiff and Adolf Hitler (or other political rogues) would clearly imply a false, defamatory, "odious" and "repugnant" (DE 31, p. 10) connection between Plaintiff and these individuals, which supports a claim of defamation by implication.

[D.E. 32 at 12.] Trump does not identify the actual statements at issue; the publications with the allegedly defamatory implication; the "truthful statements" supposedly leading to the false implication(s); why the alleged implied comparison or historical allusion is actually false as a matter of fact; or even whether the (unidentified) publications allegedly at issue were properly

12

noticed to CNN before filing suit. Trump's proposal is therefore insufficient. *See* Fla. Stat. § 770.01 (failure to provide notice is a jurisdictional defect); *Bezeau v. Cable Equip. Servs., Inc.*, 2015 WL 3540009, at *4 (S.D. Fla. May 27, 2015) (defamation claim must set "out the substance of *each* allegedly defamatory statement on which it is proceeding; the date, place, and manner of publication; to whom each statement was made; and facts showing the damages flowing from each statement" (emphasis added)).[11]

Regardless, Trump's proposed defamation-by-implication claim does not and cannot fix the Complaint and is futile. Trump already essentially asserted a defamation-by-implication claim in arguing that "Big Lie" *implied* that Trump was "Hitler-like." [D.E. 21 at 15-16.] The Court rejected that claim for all the reasons already discussed, principally because a "connotation or implication is only actionable if it is 'provably false,'" which the connotations urged by Trump are decidedly not. [D.E. 31 at 9-10.][12] As a result, Trump's request for leave to allege an already-rejected defamation-by-implication claim is futile and must be denied. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (amendment futile where proposed amended complaint still subject to dismissal).

---

[11] The request should also be denied due to Plaintiff's undue delay in seeking amendment. *Marino*, 2021 WL 10384112 at * 2. As the Court recognized in its Order, Trump "never filed a motion to amend nor requested leave to amend" before the Court dismissed the claims. [D.E. 31 at 10 n.9.]

[12] Trump's heavy reliance on *Block v. Matesic*, 2023 WL 3816693 (S.D. Fla. June 5, 2023) is misplaced. [D.E. 32 at 12-14.] First, the decision does not offer "new" controlling law. Second, the case is not similar to this case, as the court in *Block* found that the letter at issue conveyed a provably false implied statement of fact in that it "implied that the plaintiff had obtained their emails by some wrongful means and that it had caused security concerns." *Id*. at *4-5. Whether someone obtained emails by wrongful means or caused security concerns is verifiable. The implication that Trump is "Hitler-like" is not. [D.E. 31 at 9-10.]

13

**CONCLUSION**

Plaintiff Donald J. Trump's Motion for Reconsideration and/or Rehearing of Court's Order Granting Defendant's Motion to Dismiss should be DENIED.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Court's CM/ECF portal on this 21st day of August, 2023 to Lindsey Halligan, Esq., lindseyhalligan@outlook.com, 400 N. Federal Highway, Hallandale, Florida 33009 and Alejandro Brito, Esq., abrito@britopllc.com, 2121 Ponce de Leon Boulevard, Suite 650, Miami, Florida 33134, *Counsel for the Plaintiff*.

        **GUNSTER, YOAKLEY & STEWART, P.A.**
        450 East Las Olas Boulevard, Suite 1400
        Fort Lauderdale, Florida 33301
        Telephone: (954) 462-2000

        By: /s/ George S. LeMieux, Esq.
            George S. LeMieux, Esq.
            Florida Bar No. 16403
            Email: glemieux@gunster.com
            Eric C. Edison, Esq.
            Florida Bar No. 010379
            Email: eedison@gunster.com

        **BRYAN CAVE LEIGHTON PAISNER**
        Eric P. Schroeder, Esq. (admitted *pro hac vice*)
        Email: eric.schroeder@bclplaw.com
        Brian M. Underwood, Jr. Esq. (admitted *pro hac vice*)
        Email: brian.underwood@bclplaw.com
        1201 W. Peachtree St. NW
        Atlanta, Georgia 30301
        Telephone: 404-572-6600

        *Counsel for Defendant Cable News Network, Inc.*