UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | |
|---|---|
| DONALD J. TRUMP,<br><br>    Plaintiff,<br><br>v.<br><br>CABLE NEWS NETWORK, INC.<br><br>    Defendant. | Case No.: 22-cv-61842-AHS |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION AND/OR REHEARING OF COURT'S ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff DONALD J. TRUMP ("Plaintiff"), by and through undersigned counsel, hereby submits this Reply Memorandum in Support of Motion for Reconsideration and/or Rehearing [DE 32] of the Court's Order Granting Defendant's Motion to Dismiss [DE 31] (the "Motion"), and in support thereof states as follows:

**I.   INTRODUCTION**

Despite Defendant CABLE NEWS NETWORK INC.'s ("Defendant") contention to the contrary, Plaintiff's Motion identifies manifest errors of law which provide this Court with ample grounds to reconsider its Order Granting Defendant's Motion to Dismiss (the "Order"). Namely, the Motion submits that this Court erred in: (a) determining that the defamatory statements at issue were not actionable; (b) ruling that said statements were not defamatory given the already occurring defamatory interpretations; and (c) finding that Plaintiff did not adequately allege a plausible inference of actual malice in the Complaint. *See* Motion [DE 32].

Accordingly, for the reasons explained in the Motion, and as further discussed herein, reconsideration of the Order is warranted because the Order: (1) prematurely resolves certain material issues of fact that are disputed at this early stage of the proceedings; (2) weighs evidence and makes factual findings on disputed issues, including, *inter alia*, incorrectly determining that the statements were not actionable because they were not defamatory; and (3) reaches conclusions of law that run contrary to Florida law. This has resulted in manifest injustice to Plaintiff, and therefore, reconsideration of the Order is warranted. Alternatively, Plaintiff urges this Court to reconsider its Order dismissing the Complaint with prejudice and instead dismiss the Complaint without prejudice to provide Plaintiff leave to amend his Complaint.

**II.     MEMORANDUM OF LAW**

   **A.     Reconsideration is Justified to Correct Manifest
            Errors of Law and to Prevent Manifest Injustice.**

       *1.     The Defamatory Statements are Actionable.*

This Court's determination regarding whether the disputed statements constitute pure opinion or mixed opinion was premature. The Court is required to construe the statements in their totality, which would include an examination as to, *inter alia*: (i) the context in which they were published; (ii) the medium by which the statements were disseminated; and (iii) the audience to which the statements were published. Indeed, as this Court held in *Dershowitz v. Cable News Network, Inc.*, while some of these factors may have been alleged in the Complaint [DE 1], other factors that are not before the Court require a more fully developed record before the Court may determine that the statements constitute non-actionable statements of opinion. *See* 541 F. Supp. 3d 1354, 1367 (S.D. Fla. 2021). In the present instance, this Court prematurely determined that the statements were not actionable at the motion to dismiss stage of the litigation.

Defendant's contention that the "Special Report is *not* among the five (5) publications that Trump put at issue in the Complaint or in the dismissal briefing" is misplaced. *See* Motion [DE 32, p. 8]. Defendant desires that this Court evaluate the Complaint in a vacuum and only focus on certain issues, without evaluating the totality of the allegations in the Complaint. However, under Florida law, this Court should consider all of the allegations in the Complaint, as opposed to only those allegations that are self-servingly selected by Defendant in its Motion to Dismiss. *See Polar Vortex, LLC v. Certain Underwriters at Lloyd's, London Subscribing to Pol'y YHL1700840*, 2023 WL 2016832, at *2 (S.D. Fla. Feb. 14, 2023) ("When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true ***all factual allegations contained in the complaint***, and the plaintiff ***should receive the benefit of all favorable inferences that can be drawn from the facts alleged***") (emphasis added); *see also Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As previously indicated in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Incorporated Memorandum of Law (the "Opposition Brief") [DE 21], Defendant has attempted to limit the Court's review to one paragraph of the 28-page Complaint. *See* Opposition Brief [DE 21, p. 13]. As reflected in paragraph 27 of the Complaint, Defendant has used the term the "Big Lie" in reference to Plaintiff more than 7,700 times. [DE 1, ¶27]. Plaintiff could not viably bring a claim for each and every defamatory statement published by Defendant. The allegations within the entirety of the Complaint and the *thirty-seven (37)* distinct and non-exhaustive examples of defamatory publications contained in Defendant's Notice Letter (the "Notice") [DE 8-1] demonstrate the pervasiveness of Defendant's defamatory acts, which support Plaintiff's specific causes of action. The Court's determination at this stage should not be limited to only five (5) examples.

Further, Defendant's contention that "the Special Report cannot serve as the basis for [Plaintiff's] defamation claims at all" because Plaintiff did not specifically refer to the Special Report in the Notice is also misplaced. The Notice clearly states that "[p]ursuant to Florida Statute §770.01, this letter serves as formal notice of the false statements about [Plaintiff] in numerous articles and televised transmissions published by [Defendant] ***including, but not limited to, those discussed below***." *See* Notice, [DE 8-1, p. 3] (emphasis added). Defendant was alerted to the fact that there existed additional publications that were not included in the Notice, but similarly relate to Defendant's continuous wrongful association of Plaintiff with Adolf Hitler and Nazism. Defendant's argument that it was not sufficiently noticed falls flat, given that Plaintiff clearly indicated that the defamatory publications listed in the Notice reflected a non-exhaustive list of publications and further indicated that the contemplated civil action for defamation would consist of all publications that fell under the umbrella of the defamatory conduct attempting to falsely tie Plaintiff to Hitler, Nazism, and the "Big Lie." Importantly, the "Special Report" was simply used as one example contained within the Complaint to demonstrate that Plaintiff's statements were susceptible to defamatory interpretation and, in fact, were interpreted as defamatory, as expressly reflected by the viewer's comments in response to the "Special Report" on the media platform, Twitter.

Notwithstanding, assuming, *arguendo*, that this Court seeks to determine the sufficiency of the notice at this stage, Fla. Stat. §770.01 does not explicitly provide a remedy for its violation and Florida courts have not been consistent in determining the appropriate remedy for any alleged failure to satisfy this pre-suit condition. *See Tobinick v. Novella*, 2015 WL 1191267, at *9 (S.D. Fla. Mar. 16, 2015). Indeed, Judge Spellman from this Court has held that allegations of notice are sufficient to surpass the pleading stage, and the resolution of any issues related to the sufficiency

of that notice should occur either at trial or upon a motion for summary judgment. *See*, *e.g.*, *Nelson v. Associated Press, Inc.*, 667 F.Supp. 1468, 1473-75, 1484 (S.D. Fla. 1987). Thus, the issues raised by Defendant regarding the sufficiency of notice are not ripe for consideration and should be resolved, if at all, at a later time.

> 2. *The Trial Court's Analysis of What the Reasonable Viewer May Do Was Fact-Specific and Premature.*

As Defendant correctly notes in its Response [DE 35], "[t]he existence of a defamatory meaning becomes an issue of fact only where the publication is susceptible to two reasonable interpretations, one of which is defamatory." *See* Response to Motion, [DE 35, p. 9]. While this Court determined that no reasonable viewer could (or should) plausibly make the reference that Plaintiff advocates the persecution and genocide of Jews or any other group of people, the Court improperly weighed evidence and made factual findings on this disputed issue.

Defendant improperly relies on *Beres v. Daily Journal Corp.*, 2022 WL 805733, at * 4 (S.D. Fla., Mar. 8, 2022) to argue that "Trump's argument disregards the Court's express determination that accusing someone of being 'Hitler-like' is protected, unverifiable speech regardless of whether reasonable readers could or could not draw those conclusions." *See* Response to Motion, [DE 35, p. 9]. In *Beres*, however, there was only one (1) allegedly defamatory article which formed the basis of the plaintiff's defamation action. *Beres*, 2022 WL 805733, at * 4. Such article did not mention or even reference one of the plaintiffs and the record did not contain examples of actual first-hand interpretations of readers, thereby allowing the Court to analyze the claim through the "objective lens of the average reasonable reader." *Id.* at *4.

Here, the allegations contained in the Complaint for this action are distinguishable given the explicit reference to Plaintiff in most, if not all, of the publications that are contained within the Complaint and the evident viewers' reactions connecting Plaintiff with Adolf Hitler, as asserted in

Section II.B.2. of Plaintiff's Motion [DE 32]. Accordingly, the Court's analysis of what the reasonable viewer may do or think was premature at the motion to dismiss stage.

### 3. *Plaintiff Has Sufficiently Alleged a Plausible Inference of Actual Malice.*

Defendant contends that Plaintiff's arguments concerning actual malice merely repeat prior arguments. Contrary to Defendant's assertion, Plaintiff's Motion reflects that this Court erred by not considering all the allegations contained within the Complaint in its determination and, in doing so, also resolved disputed issues of material fact. *See* Motion, [DE 32, pp. 10-11]. Plaintiff has adequately alleged a plausible inference of actual malice throughout the Complaint and has plead facts sufficient to give rise to a plausible inference of actual malice thereby precluding the Court's entry of dismissal.

### B.     The Proposed Amendment is Not Deficient and/or Futile.

Defendant argues that Plaintiff's request to amend the Complaint is "improper, deficient, and futile." In support of its argument, Defendant states Fed. R. Civ. P. 15 procedurally bars Plaintiff's request for leave. Plaintiff does not disagree that a request for leave to amend under Fed. R. Civ. P. 15 would not be proper until a later point in time via a motion for leave to amend. To be clear, Plaintiff's alternative request to bring a defamation by implication claim is premised on the Court reconsideration of its ruling to dismiss the Complaint *with prejudice*. It is not atypical for an order dismissing a complaint without prejudice to also afford the pleading party leave to amend.[1] Stated differently, Plaintiff's request for reconsideration is not disguised as a motion for

---

[1] However, should the dismissal without prejudice be granted without leave to amend the Complaint, Plaintiff intends to file a motion for leave. To the extent that Defendant faults Plaintiff for not submitting a proposed Amended Complaint prior to being afforded leave to amend, that view is not well taken. The Court's Order of Dismissal stated that the dismissal was with prejudice. Far be it from Plaintiff to ignore the plain language of the Court's Order and seek leave to amend given the current posture of these proceedings. Rather, the proper course of action, if the

leave to amend. Rather, Plaintiff's request to bring a defamation by implication claim is simply a request that, in the event that this Court was not inclined to reconsider its dismissal of the action of the claims are presently alleged, this Court reconsider its Order and dismiss the Complaint solely *without prejudice*.

Notably, Defendant fails to address how a defamation by implication claim would be improper in this instance. Rather, Defendant simply states that Plaintiff "essentially asserted a defamation-by-implication claim in arguing that 'Big Lie' *implied* that [Plaintiff] was 'Hitler-like.'" *See* Motion [DE 32, p. 13] (emphasis in original). The plain allegations of the Complaint demonstrate that Plaintiff did not bring a claim for defamation by implication claim. To the extent that the Court finds that to be a pleading deficiency, Plaintiff respectfully requests an opportunity to correct that pleading deficiency with a reconsideration of the Court's Order dismissing the Complaint with prejudice. Defendant has failed to substantively address *how* or *why* a defamation by implication claim would be futile.

Defendant argues that Plaintiff's Motion "does not confront the Court's core holding" that an accusation is not verifiably false and is, thus, not actionable. *See* Response to Motion [DE 35]. As Plaintiff argued in the Motion, Florida law allows defamation claims to proceed, even if such claims are based on statements that are not verifiably false. Indeed, the cases cited by Defendant to support its position that the statements made are not statements of fact are distinguishable from the instant action for various reasons. *See Milkovich v. Lorain J. Co.*, 497 U.S. 1, 13 (1990) (relying on Ohio law (as opposed to Florida law) in relation to a libel *per se* claim); *Coral Ridge Ministries*

---

Court does not reconsider its Order on dismissal, is to seek to have the Court reconsider its decision and change its ruling such that the dismissal is without prejudice and either grant Plaintiff leave to amend or afford Plaintiff with the opportunity to request to file an Amended Complaint through a motion for leave to amend (at which point the proposed Amended Complaint would be attached).

*Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1252 (11th Cir. 2021), *cert. denied sub nom. Coral Ridge Ministries Media, Inc. v. S. Poverty L. Ctr.*, 142 S. Ct. 2453 (2022) (applying Alabama law to a defamation claim which requires that statements actually be false); *Buckley v. Littell*, 539 F.2d 882, 889 (2d Cir. 1976) (applying New York law to a defamation claim); *Clowdus v. Am. Airlines, Inc.*, 2023 WL 5011731, at *1 (11th Cir. Aug. 7, 2023) (evaluating a defamation *per se* claim, as opposed to a defamation by implication claim).[2]

In *Clowdus*, the court was evaluating two statements made by an American Airlines flight attendant. *Id.* at *1. The plaintiff was a passenger on an American Airlines flight, and after a slight altercation, the flight attendant stated that the plaintiff "hit [him]" and then made a comment to a third party stating that he did not "know why people had to behave like that." *Id.* at *1-2. The court found that the district court "did not err by determining that [the plaintiff] failed to state a claim for defamation *per se*" because the statements made by the flight attendant were not "false." *Id.* at *3. The court reasoned as follows:

> As to the first statement, [the plaintiff] admitted that he felt his satchel make contact with [the flight attendant]. 'Hit' means a 'physical strike,' not necessarily a felonious physical assault as [the plaintiff] insists it must. *Hit*, Black's Law Dictionary (11th ed. 2019). Because [the flight attendant's] statement 'You hit me' is not readily capable of being proved false—and indeed, is true even under [the plaintiff's] version of the incident—the statement failed to support a claim for defamation *per se.* And [the flight attendant's] statement 'I don't know why people have to behave like that' is not factual, nor does it accuse [the plaintiff] of committing a felony. [The flight attendant] could have been fairly referencing a range of [the plaintiff's] behaviors—from not immediately complying with the order to stow his satchel, to shaking his head at [the flight attendant], to not immediately apologizing for the contact his satchel made with [the flight attendant]—so the statement did not accuse or necessarily imply that Clowdus had committed a felony.

*Id.*

---

[2] In citing to inapposite caselaw and caselaw from jurisdictions outside of Florida, Defendant is implicitly acknowledging that Florida law does not support its position and instead supports Plaintiff's contentions.

Distinguishably, in the instant matter, the statements made by Defendant and its journalists about the "Big Lie" and the attempted, deeply untrue comparisons made between Plaintiff and Adolf Hitler (or other political rogues) most certainly imply a false and defamatory, "odious," and "repugnant" connection between Plaintiff and these individuals. This is sufficient to support a claim for defamation by implication. Accordingly, the Court should reconsider its Order and dismiss the Complaint without prejudice and grant Plaintiff leave to amend.

### III.   CONCLUSION

**WHEREFORE**, Plaintiff DONALD J. TRUMP, respectfully requests that the Court reconsider its decision on, or rehear arguments relating to, Defendant's Motion to Dismiss. In the alternative, if the Court were to deny reconsideration or rehearing of its dismissal of Plaintiff's Complaint, Plaintiff respectfully requests that he be permitted to amend the Complaint to bring a claim for defamation by implication.

Date: August 28, 2023          Respectfully submitted,

**BRITO, PLLC**
*Counsel for Plaintiff*
2121 Ponce de Leon Boulevard
Suite 650
Miami, FL 33134
Office:  305-614-4071
Fax:  305-440-4385

By: /s/ *Alejandro Brito*
   **ALEJANDRO BRITO**
   Florida Bar No. 098442
   abrito@britopllc.com
   apiriou@britopllc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 28, 2023 the foregoing was served via the Court's CM/ECF System upon:

| | |
|---|---|
| LINDSEY HALLIGAN, P.A.<br>Lindsey Halligan, Esq.<br>511 SE 5th Avenue<br>Fort Lauderdale, FL 33301<br>lindseyhalligan@outlook.com<br><br>*Counsel for Plaintiff* | GUNSTER, YOAKLEY & STEWART, P.A.<br>George S. LeMieux, Esq.<br>Eric C. Edison, Esq.<br>450 East Las Olas Boulevard<br>Suite 1400<br>Fort Lauderdale, Florida 33301<br>glemieux@gunster.com<br>eedison@gunster.com<br>mzayas@gunster.com<br>dpeterson@gunster.com<br>eservice@gunster.com<br><br>*Counsel for Defendant* |

By: /s/ *Alejandro Brito*