UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61842-CIV-SINGHAL

DONALD J. TRUMP,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

    Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff Donald J. Trump's ("Trump") Motion for Reconsideration and/or Rehearing of Court's Order Granting Defendant's Motion to Dismiss. (DE [32]). The motion is fully briefed and ripe for review.

"Reconsideration is an extraordinary remedy to be employed sparingly." *Holland v. Florida*, 2007 WL 9705926, at *1 (S.D. Fla. June 26, 2007) (citation and internal quotation marks omitted). "The only grounds for granting a motion for reconsideration 'are newly-discovered evidence or manifest errors of law or fact.'" *United States v. Dean*, 838 Fed. Appx. 470, 471-72 (11th Cir. 2020) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). "[C]lear error or manifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Great Lakes Ins. SE v. Boat Rental Miami, Inc.,* 2020 WL 264674, at *6 (S.D. Fla. Jan. 17, 2020) (quotations omitted).[1]

---

[1] For example, assume there is a game with no ties, only winners and losers. Three upper echelon teams play the game against a variety of opponents. One team plays an entire season and only wins. Two other teams play an entire season and lose one game each. It is beyond dispute that the undefeated team has done everything it was asked to do—it has never failed. The teams that have lost have not succeeded in doing what they were asked to do. To reward the losing teams over the winning team is a manifest error.

A motion for reconsideration should raise new issues, not merely address issues litigated previously. *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997). "A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief." *Dean*, 838 Fed. Appx. at 472 (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)).

Plaintiff's Motion for Reconsideration is well-written and well-reasoned but does not raise issues of manifest error. Nor has Plaintiff set forth reasonable grounds for amending his complaint when Plaintiff never moved to amend prior to dismissal. Plaintiff seeks the proverbial "second bite of the apple" and this the Court cannot grant. "When a litigant simply thinks a district court's ruling is wrong, the proper remedy is to appeal the ruling, not to seek reconsideration." *Nuwer v. FCA US LLC,* 2023 WL 4370737, at *1 (S.D. Fla. Apr. 5, 2023). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration and/or Rehearing of Court's Order Granting Defendant's Motion to Dismiss (DE [32]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of December 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF